CORNELIA A. BUEL'S APPEAL FROM PROBATE.

New Haven and Fairfield Cos., Oct. T., 1890. ANDREWS, C. J., CAR-
PENTER, LOOMIS, SEYMOUR and TORRANCE, JS.

It is provided by Gen. Statutes, § 600, that a court of probate, upon appli-
cation of an executor or administrator, upon hearing after notice,
"may in its discretion order the sale of the whole or a part of the real
estate in such manner and on such notice as it shall judge reasonable,"
and that, if a surplus remains after paying debts and charges, "the
same shall be divided or distributed in the same manner as such real
estate would have been divided or distributed if the same had not been
sold." Held that under this statute the question whether and under
what circumstances the interest of the decedent in any real estate, as-
sets of the estate, should be turned into money, is left to the sound
discretion of the court, subject to the right of appeal as in other cases.
The statute was enacted in 1885. Held to apply to any later proceedings
before the probate court in the settlement of the estate of a testator
who died in 1880, and whose estate was then in the course of settlement.
A testator devised to his daughter an interest in his real estate. There
was ample personal property to pay the debts, but the executor had
squandered it, and the court of probate, after a notice and hearing, or-
dered a sale of all the real estate. Held, on an appeal by the daugh-
ter, that the court had power to order the sale without reference to
any question as to the disposition of the proceeds, that question not
being affected by the order.
And held not to be a decisive reason against the order that there could be
a recovery of a large amount from the executor's bondsmen; nor that
a large creditor had so conducted as to be debarred from making a
claim upon the property. All such questions would remain open for
future determination by the court.

[Argued October 30th, 1890—decided January 5th, 1891.]

APPEAL from two decrees of a probate court; taken to
the Superior Court in New Haven County. Facts found
and case reserved for advice. The case is fully stated in
the opinion.

*J. W. Alling* and *G. E. Terry*, with whom was *L. F. Bur-
pee*, for the appellant.

*S. W. Kellogg* and *J. P. Kellogg*, for the appellees.

TORRANCE, J.   This case comes before us upon a reservation.   The appeal was taken from two orders or decrees of the court of probate for the district of Waterbury, made in the settlement of the estate of Philo Brown, deceased. The administrator with the will annexed made a return to the probate court, showing the existence of certain unpaid claims against the estate, and also made application for an order to sell all the remaining personal and real estate thereof. The probate court ordered the acceptance of the return, and granted an order in accordance with the prayer of the application.

The appellant, who is a daughter of the deceased, claiming an interest in the real estate ordered to be sold, appealed to the Superior Court from both of the orders.   The only questions, however, made upon the appeal or reserved for the advice of this court, relate to the order of sale of the real estate.

One of the questions arising upon the finding of facts made by the Superior Court in the case, is, whether the appellant has any such interest in the real estate ordered to be sold as entitled her to take an appeal.   The administrator with the will annexed claims that under the will of Philo Brown the appellant has no interest whatever in said real estate.   On the other hand, the appellant claims that either as heir-at-law of her father, or under his will, she has such an interest as entitles her to take the appeal.

In the view we take of the case it will be unnecessary to decide this question, and in the discussion of the other questions involved we will, for the purposes of the argument merely, assume that she has such an interest.

The statute under which this order of sale was made, gives the court of probate, upon the application of the executor or administrator of any deceased person whose estate is in settlement in such court, power in its discretion to " order the sale of the whole or a part of any real estate or an undivided interest therein, in such manner and upon such notice as it shall judge reasonable ; " and to divide or distribute the surplus, if any, after paying the debts, " in the

same manner as such real estate would have been divided or distributed if the same had not been sold." Gen. Statutes, § 600. Did this section authorize the court of probate in its discretion to make the order in question here upon the facts disclosed by the record? We think it did.

As early as 1782 such courts were, by an act of the legislature, empowered to sell so much of the real estate of a deceased person as should be sufficient to pay the debts and charges, in cases where the debts and charges allowed exceeded the value of the personal estate. Prior to that time, as appears by the orders for such purpose scattered through the colonial records, such a power had been exercised by the legislature from a very early period. The power thus confided by statute to the courts of probate was, down to a comparatively recent period, very strictly limited and guarded. Prior to 1788 such power was limited to the cases mentioned in the statute, and only so much of the real estate could be sold as would, with the available personal estate, be sufficient to pay the debts and charges. In 1788 an act was passed giving to the judge of the probate court, when the debts and charges could not be fully paid out of the personal estate "without prejudice to the widow or heirs, by depriving them of their necessary stock and implements of farming, or other business of upholding life," power to order "payment of such part of the debts and charges as he shall judge reasonable, by disposing of the land or real estate for that purpose in such way and manner as he shall judge to be most equitable and beneficial for the widow and heirs or devisees of such estate, any law or usage to the contrary notwithstanding." Revision of 1808, page 270, chap. 3, sec. I. This provision was continued upon the statute book in substantially the same form down to the revision of 1866, in which it appears as section 48, page 412.

In 1862 an act was passed providing that if the appraised value of the real estate in the inventory of any estate should exceed the amount of the debts and charges specified in any order of sale, the administrator or executor might apply in writing to the court of probate, describing the real estate

proposed to be sold under the order, alleging that the real estate could not be beneficially divided, and if the court, after a hearing, found the allegation true, it might order the sale of the whole or a part, or an undivided interest, of such real estate, and divide or distribute the surplus proceeds of the sale, if any, as the real estate would have been divided or distributed if it had not been sold. Public Acts of 1862, chap. 45.

In 1864 the court of probate was empowered, in order to pay debts and charges or legacies, to order the sale of real estate instead of personal, if, on application therefor and hearing, " it shall appear to said court to be most for the benefit of said estate that said real estate should be sold instead of personal estate." Public Acts of 1864, chap. 83.

In the revision of 1875 the act of 1788 does not appear, doubtless for the reason that the cases therein provided for were covered by the act of 1864. The other provisions referred to appear in the revision of 1875, p. 394, as sections 36, 37 and 38 respectively. Section 36 furnished the general rule ; sections 37 and 38 provided for exceptional cases.

The first exception was where the sale of real estate rather than personal might be ordered, and this was confined to cases where the court, upon application and hearing, found that such a course would " be most for the benefit of those interested in the estate." In such cases the court could order to be sold only so much of the real estate as might be necessary to pay the debts, legacies and charges.

The second exception provided for cases where so much of the real estate had been ordered sold as was necessary to pay debts, and the court on written application of the executor or administrator found that such real estate could not be beneficially divided. In such cases the whole or a part of, or an undivided interest in, the real estate might be ordered sold, and the surplus proceeds of the sale, if any, divided or distributed as the land would have been if it had not been sold. The act of 1884 (chap. 17), extended the provisions of section 38 (Revision of 1875, p. 394), to " any real es-

tate proposed to be sold," without reference to any previous order of sale made by the probate court.

Thus the law stood when the act of 1885 (Public Acts of 1885, chap. 110, sec. 166), was passed, which appears in the revision of 1888 as section 600, and is hereinbefore referred to. In that section the various provisions with reference to the sale of real estate of deceased persons, heretofore considered, were consolidated, and in making such consolidation the power of the court of probate to order such sales has, we think, been enlarged rather than restricted. If before it could order the sale of a sufficient quantity of such real estate instead of personal to pay debts and legacies, in cases where it found such a course would "be most for the benefit of those interested in the estate," it may now "in its discretion" order the sale of the whole real estate or a part of it, or an undivided interest therein, without reference to the amount of debts or legacies. And if before it could order the sale of any real estate proposed to be sold or any part of it, or undivided interest therein, to pay debts, where it found that such real estate could not be beneficially divided, it may now. do so in any case without specifically so finding, and in its discretion, without regard to any previous order of sale to pay debts, and whether or not there is sufficient personal property to pay debts.

In the law as it now is, certain of the former provisions and restrictions under which this power could be exercised are removed, and the question whether, and under what circumstances, in such cases, the interest which any decedent had in any real estate, assets of the estate, shall be turned into money, is left to the sound discretion of the court, to be decided after a hearing, with full knowledge of all the facts, and subject of course to the right of appeal as in other cases.

The appellant claims that if the act of 1885 wrought any changes in the law in respect to the power to order the sale of real estate of deceased persons, "it was not intended that the law should retroact and affect the rights of the parties as they were in 1880, upon the death of Philo Brown."

If this means that, in cases pending in the probate court
when the law of 1885 took effect, the court thereafter could
not act under the new law in passing orders of sale of real
estate, then the claim is without foundation. As soon as
the present law went into effect it was the only law upon
this subject. All prior laws were repealed, and estates then
in process of settlement were not exempted from its opera-
tion. After it went into effect such orders, if they could be
made at all, must be made under the provisions of the new
law. It can hardly be seriously contended that the court
of probate was powerless, after the law went into effect, to
make orders for the sale of real estate in the cases of estates
in process of settlement at that time ; yet this is what is im-
plied in the contention of the appellant on this point. The
act is not retro-active in the sense claimed, but it did apply
to every estate in settlement in which an order to sell real
estate was asked for or ordered, after it went into effect.

In the case at bar the debts found to be due and unpaid
are debts of the estate, and there is now substantially no
property of the estate out of which they can be paid except
the property ordered to be sold. The court has found that
the real estate cannot be beneficially divided for the purpose
of sale, and it is also evident from the facts found that the
avails of all the remaining property will be far from suffi-
cient to pay the debts in full.

It would seem, therefore, as if, under such circumstances,
the probate court had full power to make the order in ques-
tion. It is claimed however that, upon the facts as they ap-
pear of record, the court had not the power to order a sale of
the appellant's interest in the real estate. The facts upon
which this claim is based are substantially the following.
The principal executor upon the estate of Philo Brown, who
was a son of the deceased, was also from the time of his
father's death in 1880 until May, 1884, the president, treas-
urer, principal owner and manager of Brown & Brothers, a
corporation, to whom is now due the largest of the unpaid
debts of the estate. At the death of Philo Brown the value
of his personal estate exceeded the amount of all his debts

by about two hundred thousand dollars. Between the time of his father's death and May, 1884, said principal executor wrongfully converted to his own use, and otherwise wasted and squandered, substantially all of the personal estate, and a part of the real estate, without paying the debts now found to be due. The executors upon the estate had given bond with surety in favor of the estate, to the amount of fifty thousand dollars. After Brown & Brothers had full knowledge that its president and principal manager had, as executor, so converted and squandered the personal estate, without paying the two principal debts now due, it in 1884 released and discharged the executors, their bondsmen and the estate, from all claims and demands, except the right to collect its claim of over one hundred thousand dollars out of the assets of the estate which then remained, which included the real estate now ordered to be sold.

Upon the facts found the appellant claims that her interest in the real estate cannot be sold to pay either the Brown & Brothers debt or the savings bank debt now owned by the trustee in insolvency of Brown & Brothers. This claim may mean, either that her interest in the real estate cannot be sold for such purpose, or that the avails of such sale representing her interest cannot be applied in payment of these debts.

So far as the claim of the savings bank is concerned, we think this claim of the appellant, in either aspect of it, is untenable. As to this claim, the trustee of Brown & Brothers, on the facts found, stands in the shoes of the bank, unaffected by any transactions between Brown & Brothers and the former executors. This claim amounts to about twenty thousand dollars or more, and for aught that appears the property ordered to be sold may not be worth more than enough to pay it. The claim that, so far as this claim is concerned, it can be collected from the bondsmen, furnishes no good reason why it may not also be collected out of the estate by the sale of this real estate. The existence of this claim alone would justify the court in making the order of

sale, upon the facts here found, under the present law, and indeed under the former law.

As to the debt due to Brown & Brothers, this claim of the appellant, if it means that her interest in the real estate cannot be sold, is also untenable, if we are right in our view of the present law. Under that law the question whether, and under what circumstances, and in what manner, the real estate of a decedent shall be turned into money, is left to the discretion of the probate court. Presumably, in ordinary cases, the proceeds of such a sale will be just as valuable to all concerned as the real estate would be if it remained unsold.

The fact that a creditor of the estate has so conducted himself as to debar him from the right of appropriating to the payment of his debt the interest in real estate which an heir or devisee has in common with others, furnishes no good reason why the real estate should not be sold together as a whole, if it cannot be beneficially divided for the purpose of sale. In such cases we think the court of probate has the power to order a sale if it sees fit. If the real claim of the appellant is that the proceeds of the sale of her interest in the real estate cannot be taken to pay the debt of Brown & Brothers, the answer is that the order appealed from does not affect that question. Whether and in what manner the real estate of a decedent shall be turned into money, is one question to be decided, in view of the situation, nature and ownership of the property, and kindred considerations. What disposition shall be made of the proceeds of the sale is a different question, to be decided at another time and upon other considerations.

Whatever rights then the appellant may have to the avails of the sale of her interest in the real estate, are preserved to her under the law in the provision for the distribution and division of the avails of the sale, and can be fully settled and protected in subsequent orders of the court of probate.

We therefore hold that the court of probate had the power to make the order of sale in question in its discretion,

and that, so far as the record discloses, that discretion was exercised without prejudice to the claimed rights of the appellant.

The Superior Court is therefore advised to dismiss both appeals.

In this opinion the other judges concurred.