CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ERRORS

OF THE

# STATE OF CONNECTICUT.

---

HENRY DORRANCE *vs.* IRA RAYNSFORD ET UX.

First Judicial District, Hartford, October Term, 1895. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

By the law of this state, as well as by the common law, the real estate of
a deceased person vests immediately upon his death in his heirs or
devisees. It can be taken from them, only to satisfy some claim exist-
ing against the estate, or some condition arising in its settlement which
makes the sale of the land necessary or advantageous, and then only in
the manner provided by law.

A Court of Probate in ordering a sale of any of the real estate of a deceased
person, is exercising a special statutory power, and not one that per-
tains to the ordinary settlement of the estate.

It is essential to the validity of an order of a Court of Probate directing
the sale of land of a deceased person, as well as to the validity of the
deed of the administrator given pursuant thereto, that public notice
of the application to sell should have been given to the parties ad-
versely interested in the estate. The burden of proving these facts
rests upon the party who sets up and relies upon the administrator's
deed.

A written application to sell, if not essential in every case to the validity
of the subsequent proceedings, is at least the only prudent course. If
an oral application could ever be tolerated, it could only be in a case
where the record itself set forth in full the facts on which the sale was
sought and on which it was authorized.

It is a principle of natural justice of universal obligation, that before the
right of an individual can be determined by judicial sentence, he shall
have notice, either actual or constructive, of the proceedings against
him.

[Argued October 1st—decided November 22d, 1895.]

ACTION to recover the possession of certain real estate, together with damages, brought to the Superior Court in Windham County and tried to the court, *Thayer, J.*; facts found and judgment rendered for the defendants, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The land in question had been owned and occupied by George W. Palmer up to the time of his death, and both parties to the action claimed under him. The defendants were in possession of the land, holding adversely to the plaintiff. To show his title to the demanded premises, the plaintiff offered in evidence a deed purporting to convey the said premises, executed by Gilbert A. Palmer as administrator of the said George W. Palmer, deceased, which recited that it was given " by virtue of an order of the Court of Probate for the District of Canterbury, dated the 29th day of September, A. D. 1892, authorizing and directing me to sell at public or private sale the real estate of the said George W. Palmer, deceased." The order so referred to was as follows :—

" On the application of Gilbert A. Palmer, administrator on the estate of Geo. W. Palmer late of Canterbury in said district, deceased, showing that it is for the interest of said estate that such of the real estate of said deceased as is hereinafter described should be sold : And further showing, that the real estate of said deceased proposed to be sold consists of a certain piece or parcel of land with buildings thereon, situated in the town of Canterbury in said probate district : This court finds the facts as set forth in said application to be true. Whereupon the court doth authorize and direct said Gilbert A. Palmer, administrator, to sell either at public or private sale, and in such manner as will least injure the heirs, the real property of said estate ; first giving at least ten days' notice of the time and place of the proposed sale, by advertising in a newspaper having a circulation in said Canterbury, and by posting on the public sign-post nearest the estate to be sold and within the same town, and make return to this court to whom sold and for how much, with the expense of sale."

The finding states that "no written application was ever made to said Court of Probate for authority to sell said real estate." Oral evidence—to which the defendant objected—was admitted, from which the Superior Court found that "an oral application was made by the said administrator to sell said real estate for the purpose of raising money to pay the debts of the said intestate estate;" but that "no public notice of any hearing upon an application for such sale was ever offered or given," and that "no evidence, other than the said order of sale, was offered tending to show that any hearing was had before said Court of Probate with reference to the sale of said real estate, or the issuing of said order."

The return made on said order, to the Court of Probate, by the administrator, stated that he had given the notice thereon required, of the time and place of the proposed sale, and that he had sold and conveyed said land to Henry Dorrance.

The defendants offered no evidence, but insisted that they were entitled to a judgment, for the reason that the plaintiff had failed to make out any title in himself. The court rendered judgment in their favor, and the plaintiff appealed to this court.

*Charles F. Thayer,* for the appellant (plaintiff).

The trial court erroneously decided that a written application, a newspaper notice, a formal hearing, and possibly the consent of the widow in writing, were jurisdictional facts necessary to be proved by the plaintiff as a part of his title. Standard Dict.; Hawes on Jurisdiction, Chap. 1, §§ 2, 3; *U. S.* v. *Arredono,* 6 Pet., 709; *McNitt* v. *Turner,* 16 Wall., 352; *Shelton* v. *Hadlock,* 62 Conn., 143; *Grignon* v. *Astor,* 2 How., 317; 23 Amer. & Eng. Ency. of Law, 406, note 2.

The law now confers upon the Court of Probate the power to order the sale of a deceased person's realty, in its discretion. Its jurisdiction is no longer limited to cases where the debts of the estate exceed the personal property, as when *Wattles* v. *Hyde* was decided. Gen. Stat., § 600; *Buel's Appeal,* 60 Conn., 65.

The statute is directory merely. *Gallup* v. *Smith*, 59 Conn., 354; *Grignon* v. *Astor*, 2 How., 317; *Lynch* v. *Baxter*, 4 Tex. 431, 51 Am. Dec. 735; 23 Amer. & Eng. Ency. of Law, 460.

As to the application, the statute does not in terms require that it be made in writing.

If the legislature had intended to limit the jurisdiction of the Court of Probate to cases brought before it by a written application, it would not have struck out the word " written " —the only word indicating such limitation—from the then existing statute. Rev. 1875, 394, §§ 37, 38; *Mechanics' Bank* v. *Woolen Co.*, 59 Conn., 347. Notice does not determine the jurisdiction. The provision for notice is directory to the administrator. . Moreover, sales of land under orders of the Court of Probate are judicial sales, and proceedings *in rem*, to which all claiming under the intestate are parties. The only question of jurisdiction here, is the power of the court over the thing, the subject-matter before it, without regard to the parties who may have an interest in it. *Simmons* v. *Saul*, 138 U. S., 439; *Davis* v. *Gaines*, 14 Otto, 386; *Grignon* v. *Astor*, 2 How., 317; *Lynch* v. *Baxter*, 4 Tex. 431; *Colt* v. *Eves*, 12 Conn., 243; *Donovan's Appeal*, 40 id., 154; *Gallup* v. *Smith*, 59 id., 354.

Whether there was or was not a formal hearing, is not a jurisdictional fact. *Gallup* v. *Smith*, 59 Conn., 354; *Miller* v. *U. S.*, 11 Wall., 268.

The widow's consent was not necessary, and the failure to obtain it could not oust the court of jurisdiction. The widow's rights are preserved to her by the same statute that now leaves the sale of land to the sound discretion of the Court of Probate. *Buel's Appeal*, 60 Conn., 65.

Having shown an application by an administrator for authority to sell; the decree of the Probate Court giving the authority, and the administrator's deed given under it; the plaintiff was entitled to judgment, under the rule which protects *bona fide* purchasers of land at a judicial sale. The fact that the court made the order is presumptive proof of the existence of all other necessary acts prior thereto. *Law-*

*rence's Appeal,* 49 Conn., 423; *Florentine* v. *Barton,* 2 Wall., 210; *Thompson* v. *Tolmie,* 2 Pet., 157; *Nash* v. *Williams,* 20 Wall., 226; *Grignon* v. *Astor,* 2 How., 319; *Simmons* v. *Saul,* 138 U. S., 439; *Davis* v. *Gaines,* 104 id., 386; *Miller* v. *U. S.,* 11 Wall., 368; *McNitt* v. *Turner,* 16 id., 352; *Goforth* v. *Longworth,* 4 Ohio, 129; *Lynch* v. *Baxter,* 4 Tex., 431, 51 Am. Dec. 735.

This judgment of the Court of Probate could have been attacked directly by appeal, but it can be attacked in a collateral proceeding for fraud only. Gen. Stat., § 436; *Gallup* v. *Smith,* 59 Conn., 354; *Bell* v. *Raymond,* 18 id., 100; *Sears* v. *Terry,* 26 id., 279; *Coit* v. *Haven,* 30 id., 197; *Dickinson* v. *Hayes,* 31 id., 422; *Bulkeley* v. *Andrews,* 39 id., 535; *Gregory* v. *Sherman,* 44 id., 471; *Culver's Appeal,* 48 id., 133.

*J. H. Potter,* for the appellees (defendants).

There is no error in the judgment of the Superior Court.

The Court of Probate had no power to decree the sale of the real estate, except on application of the administrator while the estate was in settlement, and upon hearing, (upon said application) after public notice. Gen. Stat., § 600. That there must be a hearing on the application before a decree, renders it necessary that it should be in writing. Conn. Civil Officer, 15th Ed., 417. The court had no power to decree the sale of the real estate *even upon* an application, until after a hearing, and until public notice of such hearing had been given by publishing it in a newspaper having a circulation in the probate district. Gen. Stat, §§ 600, 446. *Potwain's Appeal from Probate,* 31 Conn., 383; *Wattles* v. *Hyde et al.,* 9 id., 9; *Griffin* v. *Pratt,* 3 id., 513, 515; *Goodwin* v. *Chaffee,* 4 id., 163; *Mitchell* v. *Hazen,* 4 id., 495; *Watson* v. *Watson,* 10 id., 77; *Howard* v. *Lee,* 25 id., 1–5.

ANDREWS, C. J. The only substantial question presented by this appeal is whether or not the deed under which the plaintiff claimed, was valid to convey the real estate that had belonged to George W. Palmer in his lifetime. All the other questions in the case are included in this one.

"It is a general principle, that the party who sets up a title must furnish the evidence necessary to support it. If the validity of a deed depends on an act *in pais*, the party claiming under that deed is as much bound to prove the performance of the act, as he would be bound to prove any matter of record on which its validity might depend. It forms a part of his title ; it is a link in the chain which is essential to its continuity, and which it is incumbent on him to preserve. These facts should be examined by him before he became a purchaser, and the evidence of them should be preserved as a necessary muniment of title." *Williams* v. *Peyton's Lessees*, 4 Wheat., 79 (MARSHALL, Ch. J.) ; *Ransom* v. *Williams*, 2 Wall., 313, 319 ; *Early* v. *Doe*, 16 Howard, 610 ; *Mason* v. *Fearson*, 9 id., 248 ; *Thatcher* v. *Powell*, 6 Wheat., 119, 125 ; *Beekman* v. *Bingham*, 5 N. Y., 366 ; *Mut. Benefit Life Ins. Co.* v. *Tisdale*, 91 U. S., 238 ; Wharton on Evidence, §§ 176, 923.

To support his title under this deed, it was necessary for the plaintiff to show that the said adminstrator had a valid power to sell the land of his intestate, and that such power had been exercised in the manner required by law. To do this he put in evidence the order of the Court of Probate and the other evidence mentioned in the finding.

By the law of Connecticut, as by the common law, the real estate of a deceased person vests at once in his heirs or legatees. 2 Blackstone's Comm., 201 ; 1 Swift's Dig., 113. George W. Palmer died intestate, and whatever real estate he owned at the time of his death, vested immediately in his heirs, and could be taken from them only to satisfy some claim existing against him in his lifetime, or some condition arising in the settlement of his estate which made the sale of land necessary or advantageous, and then only in the manner pointed out by law. *Shelton* v. *Hadlock*, 62 Conn., 143 ; *Buel's Appeal from Probate*, 60 id., 65–67.

The several statutes and statutory changes according to which the Courts of Probate have from time to time been empowered to authorize the sale of any interest which a deceased person, whose estate was being settled, had in such

real estate, have been very recently considered by this court in *Buel's Appeal, supra.* We have no occasion to repeat that examination.

Originally, courts exercising jurisdiction over the settlement of estates of deceased persons, had no authority whatever over the real property belonging to the deceased. In later times such courts could, by the authority of the statutes, order the sale of so much, and only so much, of the land of the deceased, as was necessary to pay any excess there might be of the indebtedness of the deceased over the value of the personal property. This was the law of Connecticut down to very recent times, as is shown in *Buel's Appeal.* But under the later statutes, as well as under all former ones, a Court of Probate, when ordering a sale of any of the real estate of a deceased person, is exercising a special statutory power. It is a power not regarded as one that pertains to the ordinary settlement of the estate. In all such cases the rule is that the authority must be strictly followed, otherwise the order will be void. *Wattles* v. *Hyde,* 9 Conn., 10 ; *Watson* v. *Watson,* 10 id., 77 ; *Howard* v. *Lee,* 25 id., 1 ; *Atwater* v. *Barnes,* 21 id., 237 ; *Parsons* v. *Lyman,* 32 id., 566, 571 ; *Potwine's Appeal,* 31 id., 383 ; *Thatcher* v. *Powell,* 6 Wheat., 127.

The evidence offered by the plaintiff was insufficient to support the deed. Whenever the land of a deceased person is sold by an order of the Court of Probate, the only prudent course is that the application to the court should be in writing, so that the facts on which the sale of the land was sought and on which the sale was authorized, should appear distinctly on the record. If an oral application could ever be tolerated, it could only be in a case when the record itself set forth the facts in full. In this case the record is fatally defective, and is not saved by the provisions of § 436 of the General Statutes.

But there is a much stronger reason. The statute—§ 600 —under which the Court of Probate acted, requires that there should be a hearing after a public notice, before any order for the sale of any land of a deceased person can be made. In this case there is no evidence that any public notice or any notice whatever, of the application to sell, was given

to the parties interested adversely in the estate sought to be sold. The order of sale was invalid for this reason. It appears that among the persons so adversely interested were the present defendants; as also were the heirs of George W. Palmer. They had no notice of any hearing, nor did they have any hearing as to the proposed sale. As to them the proceedings before the Court of Probate were *coram non judice* and wholly void. It is a principle of natural justice of universal obligation, that before the right of an individual can be bound by judicial sentence, he shall have notice, either actual or constructive, of the proceedings against him. *The Mary,* 9 Cranch, 126; *Bradstreet* v. *Insurance Co.,* 3 Sumner, 607.

The evidence failed to show that the said administrator had power to sell the land described in the deed.

There is no error.

In this opinion the other judges concurred.