CHARLES W. CANDEE *vs.* JOHN H. CANDEE, ADMINISTRATOR (CHARLES W. CANDEE'S APPEAL FROM PROBATE).

Third Judicial District, Bridgeport, April Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under General Statutes, § 353, originally enacted in 1885, it is within the discretion of the Court of Probate to order the sale of the whole or any part of the real estate of a deceased person whose estate is in settlement in such court, whether its sale is required to pay debts or not.

A finding that the real estate which the administrator asked to sell could not be beneficially partitioned and divided among the heirs at law and distributees, and that a division would materially lessen the value of their respective interests therein, and that a sale would best promote the interests of all concerned, is conclusive on appeal, unless it be inconsistent with facts specially set forth upon the record.

The facts specially found respecting the land in the present case reviewed, and the conclusion of the trial court, that a sale would be advantageous to all interests, *held* to be well within its discretion.

In this State the real estate of a decedent vests immediately upon his death in his heirs or devisees; and can be taken from them only to satisfy some claim existing against the estate, or some condition arising in its settlement which makes a sale of the land necessary or advantageous, and then only in the manner provided by law.

Every tenant in common is entitled to a partition, if practicable, and if not, to a sale.

Submitted on briefs April 11th—decided May 8th, 1913.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the District of Bridgeport

Candee v. Candee.

authorizing and directing the defendant administrator to sell a portion of the real estate of his intestate, taken to and tried by the Superior Court in Fairfield County, *Holcomb, J.;* facts found and judgment rendered in favor of the defendant, dismissing the appeal and confirming the order of the Court of Probate, and appeal by the plaintiff. *No error.*

*Louis K. Gould* and *Robert H. Gould,* for the appellant (plaintiff).

*Edward P. Nobbs,* for the appellee (defendant).

RORABACK, J. The sole question presented by this appeal relates to the exercise of the discretion given a Court of Probate in ordering a sale of real property of one who dies intestate. Section 353 of the General Statutes upon this subject provides that "the Court of Probate, upon the application of the executor or administrator of any deceased person whose estate is in settlement in such court, upon hearing after public notice, may in its discretion order the sale of the whole or a part of any real estate or an undivided interest therein, in such manner and upon such notice as it shall judge reasonable, taking a sufficient probate bond, and if of the amount realized, after payment of all debts and charges and incidental charges of a sale a surplus remains, the same shall be divided or distributed in the same manner as such real estate would have been divided or distributed if the same had not been sold." The section of the General Statutes just quoted, in substance appears in the Public Acts of 1885, chapter 110, § 166 (p. 507), and in the Revision of 1888 as § 600.

This court, in construing the Act of 1885, stated: "In that section the various provisions with reference

to the sale of real estate of deceased persons, heretofore considered, were consolidated, and in making such consolidation the power of the Court of Probate to order such sales has, we think, been enlarged rather than restricted. If before it could order the sale of a sufficient quantity of such real estate instead of personal to pay debts and legacies, in cases where it found such a course would 'be most for the benefit of those interested in the estate,' it may now 'in its discretion' order the sale of the whole real estate or a part of it, or an undivided interest therein, without reference to the amount of debts or legacies. And if before it could order the sale of any real estate proposed to be sold or any part of it, or undivided interest therein, to pay debts, where it found that such real estate could not be beneficially divided, it may now do so in any case without specifically so finding, and in its discretion, without regard to any previous order of sale to pay debts, and whether or not there is sufficient personal property to pay debts." *Buel's Appeal,* 60 Conn. 63, 67, 22 Atl. 488. It is also stated in *Phelan* v. *Elbin,* 84 Conn. 208, 213, 79 Atl. 187, that "formerly the Court of Probate had no power to order the sale of the decedent's real estate unless it was needed to pay debts of the estate, and then only so much of it as was sufficient to pay the excess of the debts above the personal estate. So much of it was considered as a fund held for the payment of the debts, upon which the creditors had a lien prior to the heir. . . . Now, under the statute mentioned, the court may at its discretion order the sale of the whole or any part of the real estate, whether needed to pay debts or not."

By the law of this State the real estate of a deceased person vests immediately upon his death in his heirs or devisees. It can be taken from them only to satisfy some claim existing against the estate, or some condi-

tion arising in its settlement which makes the sale of the land necessary or advantageous, and then only in the manner provided by law. *Dorrance* v. *Raynsford*, 67 Conn. 1, 34 Atl. 706.

The land in question had been owned and occupied by Amos Candee, late of the town of Easton, in Fairfield county, who died intestate. The deceased left surviving him a widow, whom he married since April 20th, 1877, five children, and three minor grandchildren, representatives of a deceased son whom the decedent survived. Only two of the surviving children live in the town of Easton, where the land is situated; one of whom is the appellant, and the other the appellee-administrator. Of the other three surviving children two reside in another part of this State, as do also the three minor grandchildren; the remaining child of the decedent lives in Colorado. The widow survived the decedent by about three weeks. John H. Candee, the appellee-administrator, is also administrator on the widow's estate. The appellant is the only distributee who objects to the sale. The appellant, however, is in favor of a sale, provided that one lot is conveyed to him at a price not to exceed $700, though its approximate value is found to be about $1,000.

On the application of John H. Candee, administrator on the estate of Amos Candee, stating it was for the interest of this estate that certain real property of the deceased should be sold, the Court of Probate for the district of Bridgeport found the facts set forth in the application to be true, and ordered the administrator to sell such real estate.

The conditions found to exist in relation to the land, briefly stated, are as follows: The real estate consists of two tracts of land, situated in a sparsely settled farming portion of the town of Easton. The first tract contains about twenty-five acres. On its southerly

portion is a dwelling-house and two barns, all old and out of repair. Through this portion runs a brook, being the only water on the premises. Near the center of this portion of the tract is a plot of six acres which does not belong to the estate, and to which the owner has a right of way thereto passing from the highway near the house and between the outbuildings. The entire tract contains only about fifteen acres of tillable land, the remaining forty acres consisting of pasture, stump, and swamp land. The value of this tract is about $3,500. The second piece contains about fourteen acres, and is part meadow and tillable land, and in part swamp and lowland. It has a highway frontage of only about one hundred and twenty feet, and the only access to it is from this highway. It is irregular or L-shaped. At one point it is almost separated into two portions, a narrow neck of land fifteen feet wide connecting the two pieces. The application to sell relates to both pieces of land.

The trial court has found that the character of this real estate is such that it cannot be beneficially partitioned and divided among the heirs at law and distributees thereof, and that to do so would materially lessen the value of their interests therein, and that it is for their best interests that all of said real estate be sold, and the proceeds thereof be divided among them according to law.

This finding is conclusive, unless it be inconsistent with facts specially set forth upon the record. There is no such inconsistency.

Every tenant in common is entitled to a partition, if practicable; if not, to a sale. *Johnson* v. *Olmsted,* 49 Conn. 509.

It is manifest that this real estate cannot be advantageously divided. It appears that the distributees of the estate are not only numerous, but that most

of them reside at a distance from the *locus in quo.* The share of the widow in the estate of her deceased husband being one third, it would appear that a distribution of the land itself would give to each of the five surviving children one sixth of the remainder, equal to one-ninth part of the whole real estate. The three minor grandchildren would together take the remaining one-ninth part, each being entitled to one twenty-seventh part of the whole property. All of the parties in interest except the appellant desire that a sale should be made. Aside from the appellant, it is fair to assume that it is for the interest of all the parties that a sale should be made. The appellant favors the sale if he is allowed to purchase one piece of the land for much less than its value.

It is plain that the Court of Probate was well within its discretion in granting the petition to sell.

There is no error.

In this opinion the other judges concurred.