## MICHAEL ZAPARYNIUK ET AL.
*vs.*
## JAMES M. COMCOWICH, ADMR., ET ALS.

Superior Court        New Haven County        File No. 60849

MEMORANDUM FILED JUNE 27, 1941.

*Lyman H. Steele*, of New Haven, for the Plaintiffs.

*Robert H. Alcorn*, and *Thomas R. Robinson*, of New Haven, for the Defendants.

McEVOY, J. The plaintiff seeks the appointment of a receiver. The premises, of which foreclosure is sought, are now in the care of an administrator who is, naturally, a fiduciary within the control of the probate court.

Formerly there was a considerable doubt as to the power of the probate court to order the sale of real estate unless it definitely appeared that the sale would be necessary for the payment of debts.

This uncertainty was disposed of in *Candee vs. Candee,* 87 Conn. 85, where, at page 87, our Supreme Court said, quoting *Phelan vs. Elbin,* 84 Conn. 208, 213: "Formerly the Court of Probate had no power to order the sale of the decedent's real estate unless it was needed to pay debts of the estate, and then only so much of it was sufficient to pay the excess of the debts above the personal estate. So much of it was considered as a fund held for the payment of the debts, upon which the creditors had a lien prior to the heir. . . . Now, under the statute mentioned, the court may at its discretion order the sale of the whole or any part of the real estate, whether needed to pay debts or not."

It should be observed that the citation of this case in the *Index-Digest of Connecticut Reports (Maltbie and Town-shend)*, at page 535, is erroneously cited as 87 Conn. 65, when it should be page 85.

Upon the present state of the record it appears that the premises are now in control of a fiduciary of the probate court.

Naturally, he is presumed to have furnished a proper bond and to be responsible, under bond, for his conduct as fiduciary, which includes his care and disbursement of the funds under his control.

Undoubtedly, this property is "in the custody of the law." This custody should not be disturbed nor should a conflict be engendered between courts as to this matter.

Passing over the equities of the case, which do not seem to be in favor of the petitioning plaintiff, the motion for the appointment of a receiver is denied.