CATHERINE OFFREDI ET AL. *v.* EDWIN HUHLA, ADMINISTRATOR (ESTATE OF AGNES HUHLA), ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 2—decided July 14, 1948

*Joseph J. McGuinness,* with whom, on the brief, was *George C. Conway,* for the appellants (plaintiffs).

*Isadore Chaplowe,* with whom, on the brief, was *Albert W. Cretella,* for the appellee (named defendant).

ELLS, J.   Edwin Huhla, administrator of the estate of Agnes Huhla, made written application to the Pro-

bate Court for the district of North Branford to order the sale of the real estate of the deceased and to empower him to sell and convey it as provided by statute. The court, upon due notice and hearing, found that there was reasonable cause for granting the application, and made the following order: "Ordered that the real estate described in said application be sold, and that the said administrator be and he is hereby empowered to sell and convey the same at Public sale by sealed bids to be received by said Court on or before eight o'clock P.M., November third, 1947, and that public notice be given by publishing the same three times in some newspaper published in New Haven County and having a circulation in said District and due return make." The plaintiffs, who are four of the six heirs-at-law, appealed to the Superior Court. It found the issue for the defendant administrator and dismissed the appeal. The plaintiffs have appealed to this court.

The application was made under § 4945 of the General Statutes, as amended by § 670g of the Supplement of 1943, which authorizes a Probate Court to make an order of sale of the real property of an estate "if it shall find reasonable cause therefor" and requires that the court shall in its order "direct whether such sale shall be public or private and, if public, the notice thereof which shall be given." No list of claims had been filed at the time the application was made, and there was no evidence of any outstanding debts against the estate. The plaintiffs contend that a Probate Court has no power to order a sale of real estate under such circumstances, especially when a majority of the heirs oppose a sale. Originally, probate courts had no authority over the real estate belonging to the deceased, but in later times such courts could, by statutory authority, order the sale of so much, and only so much, of the land of the deceased as was necessary

to pay any excess there might be of the indebtedness of the deceased over the value of the personal property. *Dorrance* v. *Raynsford,* 67 Conn. 1, 7, 34 A. 706. In the revision of the probate law in 1885, the statute was broadened to give the Probate Court power to order the sale of real estate "in its discretion." Public Acts, 1885, Chap. 110, § 166. In *Buel's Appeal,* 60 Conn. 63, 65, 22 A. 488, decided in 1891, we reviewed our statutory history, and said (p. 67) that certain of the former restrictions had been removed, that a sale could be ordered without reference to the amount of debts, and that the question of sale is left to the sound discretion of the court, to be decided after a hearing, with full knowledge of all the facts, and subject of course to the right of appeal. Our present law is tersely stated in *Callahan* v. *Peltier,* 121 Conn. 106, 112, 183 A. 400: "The Court of Probate may, in its discretion, order sale of any of the real estate if conditions render it necessary or advantageous." It follows that in the present case the mere fact that a sale was not necessary in order to pay the debts of the estate did not make the order of sale invalid, and that opposition of some of the heirs, while entitled to consideration, was not of controlling importance.

The court ordered that the real estate be sold, that the administrator be empowered to sell it "at Public sale by sealed bids to be received by said Court on or before eight o'clock P.M., November third, 1947," and that public notice be given by publication in a newspaper. There were only two such sealed bids, one by the administrator for $5000 and one by a plaintiff for $4500. The statute, § 670g, provides: "Such court shall, in its order, direct whether such sale shall be public or private and, if public, the notice thereof which shall be given." The plaintiffs contend that the court annexed to the order of public sale a restriction as to

the manner of sale and the time when the purchaser might be determined and that it thereby exceeded the authority given to it by the statute. The power of the Court of Probate to order the sale of real estate is not regarded as one that pertains to the ordinary settlement of the estate but is special and statutory, and the rule is that the authority must be strictly followed, otherwise the order will be void. *Dorrance* v. *Raynsford, supra.* The Probate Court is authorized by the statute only to order a private or public sale and, if public, the notice thereof which shall be given. In the present case it authorized the administrator to sell at public sale. If he sold, the sale had to be public. *Union & Mercantile Trust Co.* v. *Harnwell,* 158 Ark. 295, 303, 250 S. W. 321. This order was within the court's statutory power. It then proceeded to direct the manner in which the public sale was to be conducted. Its conception of the meaning of a public sale was erroneous. A sale by sealed bids is not a public sale. A "public sale" is one made at auction to the highest bidder and at which all persons have a right to come in and bid. *Ex parte Keller,* 185 S. C. 283, 291, 194 S. E. 15; *Union & Mercantile Trust Co.* v. *Harnwell, supra.* "A public sale is one made at auction to the highest bidder." 1 Mechem, Sales, p. 11; 50 C. J. 861; 3 Bouvier, Law Dictionary (3d Rev.) p. 2984. We have not had occasion to define the term expressly, but in *Lawrence's Appeal,* 49 Conn. 411, 428, we said that "a sale of property at public auction after due notice is the legal synonym for a fair and advantageous sale." See *Oles* v. *Furlong,* 134 Conn. 334, 342, 57 A. 2d 405. A sale by sealed bids is not calculated to produce the results obtainable at a sale at public auction. No opportunity is presented for a raise in bids, whereas in an auction the bidder has full opportunity to know what the competition is and to increase his bid. The

method prescribed in the court's order precluded the operation of the fiduciary's duty to negotiate the most advantageous sale. Furthermore, a Probate Court exceeds its statutory authority when it becomes directly concerned in a public sale. If it can do it in this case, it can attach conditions and pass on the qualifications of offers, as was in effect started to be done in *Oles* v. *Furlong*, supra.

It follows that the order appealed from is void. This decision makes it unnecessary to discuss a further claim of the plaintiffs that the bid of the administrator was invalid.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion MALTBIE, C. J., and JENNINGS, J., concurred; BROWN and DICKENSON, Js., dissented.