[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Sua sponte, this court has raised the question whether this court continues to have subject matter jurisdiction after the death of one of the parties, Glastonbury Volunteer AmbulanceAssn., Inc. v. FOIC, 227 Conn. 848, 851.
The present action, returned to June 28, 1994, seeks to have the dissolution judgment entered on February 11, 1992, FA90-0107807 S, Angela Kelleher v. Robert F. Kelleher set aside, the separation agreement declared null and void and a new trial be granted pursuant to Connecticut General statutes § 52-270 and § 52-582 and Connecticut Practice Book Form 398. On August 24, 1995, the defendant died a resident of Florida. The decedent's brother, Paul D. Kelleher, was ordered substituted as defendant since he was appointed ancillary executor by the New Canaan Probate Court.
The plaintiff cites Dorrance v. Raysford, 67 Conn. 1, 6, for the basic law that the real estate of a deceased person vests at once in his heirs or legatees, but may be taken from them only to satisfy some claim existing against the deceased in his lifetime or due to some condition arising in the settlement of his estate making the "sale of land necessary or advantageous and thenonly in the manner pointed out by law." (emphasis added). The claim must first be proven in the probate proceeding after public notice and hearing allowing all parties interested in the estate to be heard. This is precisely the reason why the dissolution jurisdiction of this court expires upon the death of a party.
The plaintiff next cites Parlato v. McCarthy, 136 Conn. 126
which cites the Dorrance case for the general proposition discussed above but the Parlato case deals with the proration of taxes among legatees and is not in point.
The plaintiff next cites Blodgett, Tax Commissioner v. BridgeportCity Trust Co., 115 Conn. 127, another succession tax case discussion how the tax is imposed on the transfer "from the dead to the living."
The plaintiff next cites Raymond v. Bailey, 98 Conn. 201 for the proposition that the wrongful acquisition of property may be reversed by imposing on the wrong-doer the duty of returning that property to the owner Id. p. 207. The plaintiff sued to recover a sum of money he alleged his sister obtained from him by undue influence. The claim sounded in contract and alternatively in tort. The defendant died while the suit was pending and the case CT Page 10814 held that the cause of action survived against the defendant's administrator. Id. p. 206.
The court's power to assign to either the husband or wife all or any part of the estate of the other exists at the time of entering a decree dissolving a marriage, § 46b-81 C.G.S. In the present case, the plaintiff alleges that she agreed to a property division as a result of the deceased fraudulently misrepresenting a gift as a loan.
The court's power to assign property is based on its jurisdiction over the marriage dissolution. The dissolution action is personal, terminating upon the death of the party. cf.Misheff v. Misheff, 1995 Ct. Sup. 13665, Stamford J.D. No. 0139817, December 12, 1995.
The plaintiff's remedy is to pursue her claim in the estate settlement proceeding, cf. Shea v. Shea, Stamford J.D. No. 0049905.
This action brought for a new trial is dismissed since this court no longer has subject matter jurisdiction.
HARRIGAN, J.