[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The named plaintiff, Frederick Dandio, executor of the estate of his deceased step-mother Jessie D'Antico, appeals from an order of the Probate Court of Branford ordering the auction of a parcel of real property. The parties have stipulated to all relevant facts and exhibits.
The decedent died on February 3, 1992. Her will was admitted to probate and the plaintiff was appointed executor on April 7, 1992. There are three specific bequests of $100,000 each to the decedent's three step-grandchildren. The residue of the estate is bequeathed to Mr. Dandio. CT Page 15341
On October 29, 1993, the executor prepared an inventory filed with the Probate Court listing as the sole asset of the estate ninety acres of vacant land on Great Hill Road in Guilford appraised at $585,000. It is the disposition of this property, some six and a half years after the death of the decedent, that is the subject of this probate appeal.
One of the beneficiaries of the decedent's estate is Gary Curtiss, a step-grandson of the decedent. Under the will Mr. Curtiss is specifically bequeathed the sum of $100,000. On July 8, 1994, over two years after the will had been admitted to probate and no action satisfactory to Mr. Curtiss had evidently been taken to arrange for the payment of the bequest, Mr. Curtiss filed a motion to remove Frederick Dandio as executor.
The Probate Court conducted no fewer than seven duly noticed hearings in an effort to deal with this matter: on 31 March 1995, 17 May 1995, 1 March 1996, 30 September 1996, 24 July 1997, 3 March 1998, and 15 July 1998. The evidence discloses a clear pattern of reluctance on the part of the executor to properly deal with the necessary liquidation of the real property in the best interest of the estate. For example, the Probate Court first ordered the executor to immediately list the property for sale on March 31, 1995, after what amounted to the court's rejection of the executor's request for further time to attempt to develop the property. The executor listed the property for sale within a reasonable time thereafter, on May 1, 1995, but listed only seventy-five of the ninety acres. The listing agreement was amended to include the additional fifteen acres only after the violation of the previous order was brought to the attention of the Probate Court and the Probate Judge admonished the executor.
Thereafter, the evidence before this court discloses that the executor continued to frustrate the liquidation of the property by placing an artificially high sale price on the land, given the market, and refusing to lower the sale price until required to do so by the Probate Court.
The evidence discloses that the executor continued to attempt to style himself as a real estate developer for this property, not in order to benefit the estate but primarily to create a larger residue for himself.
On July 15, 1998, the Probate Court, in obvious exasperation CT Page 15342 over the intransigence of the executor, finally ordered a public sale, to be conducted by a Committee. The scope of that order includes provisions for advertising the property, obtaining insurance, and accepting a satisfactory deposit.[1] The executor appealed from that order and filed an application for a temporary injunction with this court on September 28, 1998. All parties thereafter agreed to voluntarily postpone the Committee's auction, pending an prompt resolution by this court of the underlying probate appeal.
All parties have cooperated with this court in promptly stipulating in open court to the relevant facts[2], which largely consist of documents, uncontroverted representations regarding various actions of the executor, and records of the proceedings of the Probate Court. Each party has had the opportunity to submit briefs and to be heard at oral argument.
When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the Court of Probate. Kerin v. Stangle, 209 Conn. 260, 263,550 A.2d 1069 (1988); Satti v. Rago, 186 Conn. 360, 365, 441 A.2d 615
(1982). The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo. Kerin v. Stangle, supra, 263. Thereafter, upon "consideration of all evidence presented on the appeal which would have been admissible in the Probate Court, the Superior Court should exercise the same power of judgment which the Probate Court possessed and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court." Prince v. Sheffield,158 Conn. 286, 298, 259 A.2d 621 (1969).
From a consideration of all of the evidence, this court finds that it is "for the best interests of the parties in interest," Conn. Gen. Stat. § 45a-164(a), to order a sale. That determination does not entirely end the inquiry of this court however.
The power of the Probate Court, and in a probate appeal, the Superior Court, to order the sale of such property is special and statutory and that authority must be strictly followed. Satti v.Rago, 186 Conn. 360, 365-66 (1982), citing Offredi v. Huhla,135 Conn. 20, 23, 60 A.2d 779 (1948). The authority of the court to order such a sale derives from Conn. Gen. Stat. § 45a-164(a) CT Page 15343 which allows the court to enter such an order "[u]pon the written application of the conservator of the estate of any person, guardian of the estate of any minor, temporary administrator, administrator or trustee appointed by the court. . . .or the executor or trustee under any will admitted to probate. . . ." The only written application before the Probate Court was the continuing application of Mr. Curtiss, a beneficiary and interested party, to remove the executor. It was not an application by any of the class of persons described in the statute. The executor argues that the court is without authority to order such a sale over the objection of the executor. While that is not precisely true, it is true that the court is without authority to order such a sale unless one of the categories of persons under the statute has requested the court to do so.
Sitting as though it is the Court of Probate, then, this court has determined that the lack of diligence of the executor and his heedlessness of the best interests of the parties who have an interest in the estate more than justify a prompt public sale of the real property. This court is nonetheless constrained to prohibit such a sale unless the executor moves for such action by the court.
None of the parties presented this case to this court as one that involved the underlying application to remove the executor, as opposed to one that involved only the order to sell the property by Committee over the executor's objection. This court therefore orders the matter remanded to the Branford Probate Court for a determination on the merits of whether under all of the circumstances the executor should be removed and replaced by a more diligent fiduciary. Should the Probate Court make that determination, and should that substitute fiduciary apply under substantially the same circumstances as now exist for a public sale of the real estate, this court will not disturb an order of the Probate Court for a sale. Should the Probate Court decline to remove the executor or otherwise lack an application by an appropriate fiduciary to sell the property, the Probate Court is without authority to order a supervised sale of the property by Committee.
The appeal is sustained and the matter is remanded to the Probate Court for further proceedings.
Patty Jenkins Pittman, Judge CT Page 15344