## CECIL BRIDGE v. ESTATE OF JESSIE BRIDGE

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 77831

Memorandum filed November 9, 1949.

*Pullman & Comley,* of Bridgeport, for the Plaintiff.

*J. Richard Fay,* of South Norwalk, for the Defendant.

O'SULLIVAN, J.   On February 28, 1946, the plaintiff was appointed administrator on the estate of Jessie Bridge, late of Norwalk, who died intestate leaving as her only heirs at law and next of kin her three children, of whom the plaintiff was one.   After qualifying, he took possession of the assets of the estate which, with additions by way of dividends, interest and gains over inventory, totaled $7837.40.   On May 14, 1946, he, as administrator, was served with a writ garnisheeing his interest as an individual in the estate.   Prior to this date he had advanced to himself the sum of $1696.48 from the distributive share in the estate to which his status appeared to eventually entitle him.   He was subsequently removed as administrator and delivered to his successor all of the assets remaining in his hands.   He filed an account which was allowed except as to the following item appearing on the credit side: "To advance by Cecil Bridge, administrator, to himself, from his distributive share, $1696.48."   This item was disallowed and, from the action of the Probate Court in so doing, this appeal has been taken.

An administrator may make payments to distributees without an order of the Probate Court, but he does so at his own peril. *State ex rel. Lynch* v. *Whitehouse,* 75 Conn. 410, 416.   If the estate is not impaired by his action in such a manner as to affect the financial interest of another, the administrator is entitled to a credit for the payment.   *Reiley* v. *Healey,* 122 Conn. 64, 79.

The plaintiff is one of three heirs at law.   There are no ante-mortem creditors of the estate and he will be entitled to one-third of the assets remaining after the liquidation of the sole expense which the successor administrator must meet, viz., the expense of administration.   As there was included in the assets turned over to the successor administrator the sum of $915.98 representing the remaining portion of the plaintiff's distributive share unpaid to himself, it follows that the expense of the administration must reach the figure of three times $915.98, or $2747.94, before any impairment of the estate will occur.   That this will happen is fantastic, but should it occur, the plaintiff will be obliged to make good any deficit to the extent of the payment to himself and, failing so to do, recourse may be had to his portion.   The Probate Court was in error in disallowing the credit referred to.

As the allowance of the disputed item involves no discretionary power in the Probate Court, the Superior Court may settle the account in the conditional manner approved in *Reily* v. *Healey,* supra, at pages 77 and 78.

Accordingly, the appeal is sustained and the account of the plaintiff, as administrator, is approved as a final account determinative of the rights of the parties except as regards the duty of the plaintiff, as administrator, to account further to the estate for any sum he may ultimately be found to be liable to restore to it because of the payments made to him from his distributive share.