DONALD R. SCINTO ET AL. *v.* NICOLA
CLERICUZIO ET AL.
(2293)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued November 2, 1983—decision released April 24, 1984

*Bruce L. Levin,* with whom, on the brief, was *Daniel D. Portanova,* for the appellants (defendants).

*Thomas E. Minogue,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs brought this action for specific performance and damages under an alleged agreement for the sale and purchase of land in Trumbull. One of the defenses was the statute of frauds. The case was tried before a judge of the Superior Court in the judicial district of Fairfield at Bridgeport. Judgment was rendered for the plaintiffs, ordering the defendants to proceed in accordance with the terms of the agreement. The defendants appealed.[1]

The undisputed facts show that in May of 1977, the defendants, Nicola Clericuzio and his wife, owned vacant land in Trumbull. The property was listed for sale at a price of $40,000. Regina Wright, a licensed real estate broker, interested the plaintiffs, Donald R. and Marie Scinto, in the property and subsequently delivered to the defendants the plaintiffs' offer to pay $35,000 for it. Before the offer to purchase the land was made, Wright and the plaintiffs visually inspected

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

the property and a map of the property received from the defendants. Following that meeting with Wright on the property, the plaintiffs signed a written offer to purchase the property for $35,000 and issued a check payable to the defendants in the amount of $250 representing a deposit. Wright presented the instrument signed by the plaintiffs, together with the check for $250, to the defendants. The defendants refused the offer and the check. After oral negotiations with Wright, the defendants consented to sell their property for $38,900. Thereupon the writing was changed. The defendants signed the offer as sellers at a price of $38,900 and the plaintiffs initialled it as buyers at that price. The check for $250 was given to the defendants. It was expressly provided in the writing that the plaintiffs would deposit with the defendants the additional sum of $3640 on or before May 21, 1977. When the plaintiffs failed to make the full deposit by the date set, the defendants refused to sell the property.

The parties agreed that the writing signed by them was one for the sale and purchase of real estate. The questions for this court's determination concern the statute of frauds.

General Statutes § 52-550 provides in pertinent part: "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property . . . ." The statute does not make agreements not made in this way invalid, but prevents their proof unless by such a writing. *Fisk's Appeal,* 81 Conn. 433, 438, 71 A. 559 (1908).

"The requirements of a memorandum of sale to satisfy the statute of frauds in this State are too well established to require extended consideration. It must

state the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." *Santoro* v. *Mack,* 108 Conn. 683, 687–88, 145 A. 273 (1929); see also *Lynch* v. *Davis,* 181 Conn. 434, 438, 435 A.2d 977 (1980).

The only memorandum to which we can look to determine the contract of the parties in the present case is the binder of sale. The memorandum presupposes a prior verbal agreement which it embodies. However plain and complete the terms of an oral contract for sale and purchase of real estate, it cannot be enforced against a party thereto unless he, or his agent, has signed a written memorandum which recites the essential elements of the contract with reasonable certainty. The memorandum of the contract need not be the contract itself; as here, the memorandum may take the form of a binder of sale. It must, however, contain sufficient data whereby a contract containing the terms of the prior oral agreement of the parties might be put in extended and customary form, without the aid of parol proof. *Handy* v. *Barclay,* 98 Conn. 290, 295, 119 A. 227 (1922). If any of these stipulations is omitted, then the memorandum is not a memorandum of the agreement, as required by the statute of frauds, and cannot be enforced.

Interpreting the scanty language of the writing before us in the light of the facts surrounding the parties at the time the writing was signed, we are of the opinion that the terms of the binder of sale are defectively stated since the time of delivery of the deed is not disclosed. The agreement annexed to the complaint

sets forth that "closing of title will be at office of [blank] ten days after subdivision approval of two lots on [blank]." This probably is meant to refer to a time when the agreement is to be carried out and the conveyance made. No time is mentioned and there is nothing in the contract by which the time of carrying out the agreement can be determined with reasonable certainty. *Santoro* v. *Mack,* supra, 690. The court can make no contract for the parties. They must stand or fall upon the contract they have made and this contract is deficient for uncertainty as to this particular.

Having reached the conclusion that the memorandum did not meet the requirements of the statute of frauds, it is unnecessary to discuss the other questions urged upon our attention by the defendants.

There is error; the judgment for the plaintiffs is set aside and the case is remanded with direction that judgment be rendered for the defendants.