RICHARD W. BISHOP ET AL. *v.* ELIZABETH C. BORDONARO, ADMINISTRATRIX (ESTATE OF HELEN M. GARBOSKI), ET AL.
(7360)

BORDEN, O'CONNELL and FOTI, Js.

Argued April 12—decision released September 19, 1989

*Jule A. Crawford,* with whom, on the brief, was *Michael F. Dowley,* for the appellants (plaintiffs).

*Robert L. Curzan,* for the appellee (named defendant).

*David S. Hoopes,* for the appellee (defendant Colonial Cromwell Commons Limited Partnership).

O'CONNELL, J. This is an appeal from the decision of the Superior Court affirming, after a trial de novo, the order of the Probate Court to sell real estate.

On August 17, 1987, the defendant administratrix applied to the Probate Court for authority to sell the deceased's house in Cromwell. On September 17, 1987, that court held a duly noticed hearing on the application to sell the house to the plaintiffs, Richard and Sharon Bishop, who had signed a contract with the administratrix to buy the house for $155,000. At the hearing, the Probate Court chose instead to order a sale to the intervening defendant, Colonial Cromwell Commons Limited Partnership (hereafter Colonial), which appeared at the hearing and offered to buy the property for $185,000. The plaintiffs sought and received a decree allowing an appeal. The Superior Court heard the matter de novo and affirmed the Probate Court's order to sell the property to Colonial, finding that sale to be in the best interest of the estate. Additional facts necessary to determine this appeal are contained in the discussion of the relevant claims of error.

The plaintiffs claim that the Superior Court erred (1) in failing to find the appeal to be premature because the Probate Court had not issued a decree of sale, (2) in allowing into evidence a previously unsigned, unenforceable contract for the sale of real estate, and (3) in failing to find that an oral contract to convey real estate violated the statute of frauds. We find no error.

Before the claims of error are considered, a threshold question of the plaintiffs' aggrievement and standing to appeal must be determined because it goes to the jurisdiction of the Superior Court to hear the appeal. *Lenge* v. *Goldfarb,* 169 Conn. 218, 220, 363 A.2d 110 (1975); *Urrata* v. *Izzillo,* 1 Conn. App. 17, 19, 467 A.2d 943 (1983); see also *State* v. *Pierson,* 208 Conn. 683, 687, 546 A.2d 268 (1988), cert. denied, 489 U.S. 1016, 109 S. Ct. 1131, 103 L. Ed. 2d 193 (1989). The general rule is that a disappointed bidder lacks standing to commence a legal action. *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 501–502, 467 A.2d

674 (1983). In probate matters, however, a much broader base of aggrievement is created by General Statutes § 45-288. That statute provides in part as follows: "Any person aggrieved by an order, denial or decree of a court of probate *in any matter* . . . may appeal therefrom to the superior court . . . ." (Emphasis added.) "While one who bids upon the property of an estate offered for sale has no interest in the property itself, he does have an interest in the proceedings employed by the court to approve the sale." *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 517–18, 429 A.2d 967 (1980); *Doyle* v. *Reardon,* 11 Conn. App. 297, 304–305, 527 A.2d 260 (1987). Under this broad definition of aggrievement, the plaintiffs had standing to appeal the Probate Court's order to the Superior Court.

I

In their first claim of error, the plaintiffs argue that the Superior Court should have dismissed the appeal on the ground that it was premature "because the intervening defendant [Colonial] had never filed a proper bond." Although this statement does not characterize the issue directly as one of subject matter jurisdiction, the plaintiffs' assertion that "the appeal was premature or moot and that this court should return this case back [sic] to the Probate Court to insure compliance with all statutory requirements" amounts, in effect, to an attack on the Superior Court's jurisdiction.

We perceive two problems with this argument. To begin with, we are confronted with the highly unusual argument from the plaintiffs that the Superior Court should have dismissed their appeal. We fail to comprehend how this position could benefit them. At the time they appealed to the Superior Court, there was a Probate Court order of sale, even if arguably a deficient one, in effect. This order remains in full force and effect

unless and until a judgment of the Superior Court determines otherwise. *Kerin* v. *Stangle,* 209 Conn. 260, 265, 550 A.2d 1069 (1988); *Pettee* v. *Hartford-Connecticut Trust Co.,* 105 Conn. 595, 603, 136 A. 111 (1927). "An appeal from probate does not vacate the decree appealed from nor does it lift the entire cause from the probate court into the superior court. On the contrary, it leaves the entire matter as it was in the probate court, there to be continued with and completed according to law, presenting in the meanwhile to the superior court for redetermination, after a retrial of the facts, the special and limited issues embraced within the particular decree appealed from." 1 W. Locke & P. Kohn, Connecticut Probate Practice § 214; see also *Kerin* v. *Stangle,* supra.

Thus, if we agree that the Superior Court should have dismissed the appeal from probate, the proceedings in the Probate Court would go forward, resulting in the sale to Colonial that the plaintiffs oppose. *Kerin* v. *Stangle,* supra. Any further appeal attacking the order of sale would be barred by the statutory thirty day appeal period. General Statutes § 45-289.

The second problem with the plaintiffs' argument is that there is no requirement that a *purchaser of real estate* from a decedent's estate post any type of bond.[1] Rather, General Statutes § 45-238 (b) requires that before a fiduciary may execute a conveyance of real estate *the fiduciary* must first give a "bond faithfully

---

[1] At oral argument, counsel for Colonial advised this court that the parties conceded that the bond mentioned in the Probate Court order allowing the appeal should have referred to the fiduciary and not to the intervening defendant. That concession is not binding upon this court, however; *In re Grand Jury Report Concerning the Torrington Police Department,* 197 Conn. 698, 716, 501 A.2d 377 (1985); see *State* v. *Heinz,* 193 Conn. 612, 616, 480 A.2d 452 (1984); and since this claim of error implicates the jurisdiction of the Superior Court, we have elected to consider it on its merits.

to administer and account for the proceeds of the sale . . . according to law . . . ." Accordingly, the Probate Court decree of sale in this case set a bond of $160,000 to be filed by the fiduciary.

The only reference to a bond being filed by the purchaser is found in the decree allowing the appeal from probate.[2] This is obviously an error because the probate decree of sale requiring a fiduciary to post a bond on the sale was dated September 16, 1987, and the decree allowing the appeal was not signed until October 19, 1987. It is unlikely that the Probate Court would have allowed an appeal permitting the filing of a bond that it had never ordered. We conclude, therefore, that the plaintiffs intended to argue that the fiduciary had not filed a bond and will determine this claim of error on that basis.

The order of sale fixed the fiduciary's bond on the sale at $160,000 and recited that it had been filed and approved. The Superior Court found that the bond had not yet been filed. This error, however, is not relevant to this appeal. If a bond was not filed before the conveyance, it would void the sale; *State ex rel. Moriarty* v. *Donahue,* 82 Conn. 308, 313, 73 A. 763 (1909); not the order of sale. There is no error on the plaintiffs' first claim.

## II

In their second claim, the plaintiffs argue that the Superior Court erred when it allowed Colonial's previously unsigned contract into evidence at the trial de novo. This claim is founded on the singular nature of

[2] The appearance of the decree allowing the appeal, on legal stationery of the plaintiffs' counsel, tends to indicate that, in accordance with a common custom, the decree was prepared by them and submitted to the Probate Court for signature. This would be consistent with the reference to Colonial in papers initiated by them, whereas the correct party was referred to in the order of sale, which was initiated by the court.

a probate appeal. " 'An appeal from a Probate Court to the Superior Court is not an ordinary civil action.' " *Kerin* v. *Stangle,* supra, 263, quoting *Slattery* v. *Woodin,* 90 Conn. 48, 50–51, 96 A. 178 (1915); *Silverstein's Appeal from Probate,* 13 Conn. App. 45, 52–53, 534 A.2d 1223 (1987). Rather, it has been clothed with " 'very definite characteristics which mark it as a thing peculiar unto itself . . . .' " *Silverstein's Appeal from Probate,* supra, 52, quoting 1 W. Locke & P. Kohn, Connecticut Probate Practice § 186. When the Superior Court entertains an appeal from a Probate Court, it takes the place of and sits as a court of probate. *Kerin* v. *Stangle,* supra, 264; *Satti* v. *Rago,* 186 Conn. 360, 365, 441 A.2d 615 (1982). In ruling on a probate appeal, the Superior Court is not exercising the powers of a constitutional court of general jurisdiction but is exercising the powers of a Probate Court. *Kerin* v. *Stangle,* supra; *Slattery* v. *Woodin,* supra; *Tolles' Appeal from Commissioners,* 54 Conn. 521, 524, 9 A. 402 (1886); *Silverstein's Appeal from Probate,* supra, 53. Although the Superior Court tries the issues before it de novo, it does so exercising the special and limited jurisdiction conferred on it by the probate appeal statute. *Slattery* v. *Woodin,* supra; *Silverstein's Appeal from Probate,* supra, 54.

It is firmly established that in probate appeals, a Superior Court may admit any evidence that was received by the Probate Court or could have been received by it. *Kerin* v. *Stangle,* supra; *Baskin's Appeal from Probate,* 194 Conn. 635, 641, 484 A.2d 934 (1984). The converse of this rule is that the Superior Court may not receive evidence that the Probate Court could not have received because it came into existence subsequent to the Probate Court hearing. *Satti* v. *Rago,* supra, 369.

The plaintiffs contend that this rule of evidence precluded the Superior Court from admitting Colonial's

bond for deed as evidence in the Superior Court trial. The record, however, does not support a violation of this evidentiary rule.

The Probate Court had two contracts for sale presented to it: one from the plaintiffs for $155,000 and an unsigned contract from Colonial for $185,000. Colonial represented that it would sign and deliver its contract to the attorney for the decedent's estate before 5 p.m. the following day. The Probate Court examined Colonial's unsigned contract and, because of the $30,000 difference in price, found it to be in the best interest of the estate to approve it.

When the Probate Court approved Colonial's contract, it, in effect, acceded to Colonial's request that it be given until 5 p.m. the next day to execute and deliver the contract to the estate's attorney. This may be viewed either as a continuance of the hearing until that time or the entry of an order of sale conditioned upon the submission of a signed contract to the estate's attorney. Under either theory, the executed contract was not documentary evidence that came into existence subsequent to the Probate Court hearing. Thus, the Superior Court did not err in admitting Colonial's signed contract into evidence.

### III

The plaintiffs next argue that the Superior Court's approval of the previously unsigned contract for the sale of real estate violated the statute of frauds. General Statutes § 52-550. This claim assumes that we would find the submission of the previously unsigned Colonial contract to be in error and that the Superior Court was limited to considering the contract in the unsigned form in which it was initially exhibited to the Probate Court. This assumption evaporated in part II of this decision, supra, wherein we held that the Superior Court properly admitted that contract into evidence.

This claim lacks merit for a second reason. The statute of frauds does not prohibit the sale of real estate pursuant to an oral contract. The effect of the statute is to *create a defense* to an action on an oral contract. See *Scinto* v. *Clericuzio,* 1 Conn. App. 566, 474 A.2d 102 (1984). It does not, however, *bar* the conveyance of real estate pursuant to a contract that is not in writing. Id., 567. See also 72 Am. Jur. 2d, Statute of Frauds § 3. Hence the plaintiffs' claim is meritless.

## IV

In their next claim, the plaintiffs argue that the Superior Court erred in not finding that the notice of the hearing on the application to sell real estate was defective. The pertinent part of General Statutes § 45-241 states that "the court of probate in ordering a sale . . . shall direct whether the sale shall be public or private." The plaintiffs argue that if the hearing had resulted in approval of a sale to them, it would have been a private sale. They contend that it became a public sale, however, when a buyer, previously a stranger to the proceedings, appeared at the hearing and offered more money for the property. That is not correct.

As used in the statute, *public* and *private* are words of art having meanings slightly different than their common usage in the language. A *public* sale is a sale made at public auction and all other sales are private, including, for example, a sale by the filing of sealed bids to be opened by the Probate Court at a specified time. *Offredi* v. *Huhla,* 135 Conn. 20, 23, 60 A.2d 779 (1948); 2 G. Wilhelm, Connecticut Estates Practice (1974) § 160.

## V

In the present case, the fact that a hearing on the application to sell the real estate resulted in a sale to a party other than the one initially expected to be the

buyer does not alter the sale from private to public. The Probate Court's notice of a hearing concerning a private sale was sufficient to cover a sale to Colonial as well as a sale to the plaintiffs and was, therefore, appropriate. No further notice was required before the Probate Court could approve the sale to Colonial.

In their final claim, the plaintiffs argue that there was insufficient evidence to warrant an order of sale to Colonial. It is the duty of the court to determine what would be in the best interest of the estate. General Statutes § 45-238 (a). That determination rests within the discretion of the Probate Court and, on appeal, with the Superior Court. *Kerin* v. *Stangle,* supra, 264. We are satisfied that there was ample evidence to support a finding that a sale to Colonial for $30,000 more than the plaintiffs were offering was in the best interest of the estate. Thus, the Superior Court's decision was a legal and reasonable exercise of its discretion.

There is no error.

In this opinion the other judges concurred.