[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from an order of the probate court for the district of Shelton approving a private sale of real property owned by the Estate of Frances L. Paradiso located at 15 Maple Lane Extension in Shelton. The appellants, Mark R. Paradiso and Maria L. Paradiso are two of the three children of the decedent. The other child of the decedent, Joyce Paradiso is a defendant in this appeal The other defendants are the estate and Kevin W. Condon, who was designated by the probate court as the committee to sell the subject property, and Paul Gambardella. The appellant Mark CT Page 1907 Paradiso and the defendant Joyce Paradiso are co-executors of the decedent's will. The appellants challenge the probate court's order of December 13, 1989 allowing the committee to sell the subject property at a private sale to Paul Gambardella, and have assigned five reasons of appeal.
At the trial of the appeal on August 30, 1990 the parties were given the opportunity to offer evidence, but it was stipulated that the court should decide the appeal based upon the record contained in the court file. The parties made their claims of law by oral argument.
The decedent's will is simple and straightforward. It contains the standard clause directing the co-executors to pay debts of the decedent and taxes, and leaves all the decedent's property, both real and personal, to her three children in equal shares. This appeal has resulted from a dispute between the decedent's three children over who will acquire the subject property at 15 Maple Lane Extension in Shelton. The attorney for the estate requested a private sale of the subject property. The appellants agreed to purchase the property for $131,500 in May 1989, subject to obtaining a mortgage for $80,000 from a bank for a term of 30 years at prevailing interest rates prior to June 16, 1989. The committee, Kevin W. Condon, signed a contract with the appellants on these terms. The contract was submitted to the Probate Court for its approval, as required by section 45-238, Connecticut General Statutes. The contract itself provided that the sale was subject to Probate Court approval. In addition to the appellants, the defendant Paul Gambardella made a bid to purchase the property on behalf of himself and Joyce Paradiso. Under section 45-241 (a) C.G.S., the probate court is required to determine whether there will be a public or a private sale of the property, and the statute provides that "if a private sale is directed, the court may, if it appears to be for the best interests of the estate, determine the price and the terms of the sale, including purchase money mortgage or mortgages, as it considers reasonable and advisable." A public sale is a sale made at public auction and all other sales are private, such as a sale after the filing of sealed bids which are to be opened by the probate court at a specified time. Bishop v. Bordonaro, 20 Conn. App. 58,66; Offredi v. Huhla, 135 Conn. 20, 23.
On the day of the hearing to approve the sale to the appellants, the Probate Court refused to authorize the sale on the terms of the offer contained in the contract since all interested parties, which included Paul Gambardella and Joyce Paradiso, were not advised or misunderstood that bids would be presented and acted upon at the hearing. The court CT Page 1908 directed that there would be a private sale open to immediate members of the family including the three children and Paul Gambardella who had made an initial bid on the subject property on behalf of himself and Joyce Paradiso. By letter of October 20, 1989 the committee notified the parties indicated by the Probate Court that there would be a private sale, and informed all prospective buyers on the bidding procedure. All bids were to be received by the committee by November 20, 1989, together with a minimum deposit of 5% in good funds accompanying the bid. All funds to purchase the property at the closing had to come from independent sources.
The bids were opened by the committee on November 20 and the parties were allowed to express their concerns and objections at that time. Condon then decided to sell the property to Paul Gambardella who was the high bidder, on the condition that the closing of title would take place on or before December 20, 1989. The bid of the appellants contained a proposed closing date of December 20, 1989, and the Committee's action held Gambardella to the same condition. Condon's letter of October 20, 1989 to interested bidders had stated that the deciding factor for the sale "is strictly the offered price." On December 13, 1989 the Probate Court approved the sale by the committee to Paul Gambardella, and the appellants brought this appeal
The estate has previously filed a motion to dismiss the appeal on several grounds, including lack of aggrievement of the appellants. The court (Meadow, J.) denied the motion to dismiss, concluding that the appellants as heirs at law of the decedent have a sufficient interest in the sale to establish aggrievement under section 45-288 of the General Statutes. A private sale of the subject property removes it as an asset of the estate available for distribution to the heirs of the decedent, which would include the appellants. Since they have established aggrievement on that basis, it is unnecessary to consider whether they also have standing to bring an appeal as a disappointed bidder under such cases as Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 517, 518.
An appeal from a probate court to the Superior Court is not an ordinary civil action. Kerin v. Stangle, 209 Conn. 260,263; Bishop v. Bordonaro, supra, 64. When the Superior Court hears a probate appeal, it does not exercise the powers of a constitutional court of general jurisdiction but exercises and is limited to the powers of the Probate Court. Satti v. Rago, 186 Conn. 360, 365; Bishop v. Bordonaro, supra, 64. While the Superior Court hears the appeal as a trial de novo, it does so by exercising the special and limited jurisdiction conferred on it by the probate appeal CT Page 1909 statute. Satti v. Rago, supra, 365; Beach's Appeal, 76 Conn. 118,121; Silverstein's appeal from Probate, 13 Conn. App. 45,54. Where a request is made for a private sale, the court must find that it is in the best interests of the parties in interest. Section 45-238 (a) C.G.S.; Satti v. Rago, supra, 365, 366. Section 45-241 of the General Statutes also requires, in the case of a private sale, a finding by the court that the price in terms of the sale are in the "best interests of the estate." Id., 366. That determination is within the discretion of the probate court, and on appeal with the Superior Court. Bishop v. Bordonaro, supra, 67; Kerin v. Stangle, supra, 264. The issues to be decided in the appeal are those contained in the reasons of appeal. Satti v. Rago, supra, 365; Stevens' Appeal,157 Conn. 576, 580-81.
The appellants have filed five reasons of appeal. Their first claim is that the approval of the sale to Paul Gambardella is contrary to or in violation of the real estate contract entered into between the committee and the appellants dated May 1989. The decedent's will does not order that the property be sold or contain a general provision allowing the executors to sell real estate. The power of a probate court to order the sale of real estate is not one that pertains to the ordinary settlement of the estate but is special and statutory. Offredi v. Huhla, supra, 23. The executors were required to get the approval of the Probate Court before they could sell the subject property, and the committee would only have the powers conferred upon it by the Probate Court. Section 45-238(a) gives the Probate Court discretion as to whether or not to approve the sale The parties to a contract to sell real estate belonging to the decedent cannot require enforcement of that contract without Probate Court approval.
The second claim is that a sale to Paul Gambardella violates guidelines set by the Probate Court that the sale was to be by sealed bid open to immediate members of the family of the decedent. They claim that a purchase by Paul Gambardella violates the Probate Court order since Gambardella is not a member of the immediate family of the decedent. This argument is a misreading of the terms set by the Probate Court, which indicated that Paul Gambardella could submit a bid. The Probate Court order also recognizes that Paul Gambardella was bidding on the property on behalf of himself and Joyce Paradiso, and on that basis was specifically allowed to submit a sealed bid, which he did.
The third claim is that the bid submitted by Gambardella violated the conditions for bidding set by the Probate Court CT Page 1910 since his bid included additional conditions such as a mortgage contingency clause providing for a closing after the mortgage was approved. The appellants make a fourth, related claim that acceptance of the Gambardella bid modified the terms of the offer by Gambardella, so it was not an acceptance of the bid but in fact a counter offer. The invitation for bids from the committee dated October 20, 1989 did not contain a closing date, nor did it preclude a mortgage contingency clause. The notice did state that "all deposit funds and purchase funds paid at the closing shall come from independent sources." This provision was satisfied whether the funds to purchase the property came entirely from bank accounts of the buyer or from proceeds of a loan which the buyer obtained from a bank or other mortgage lender. The point of the provision was that the estate did not want to take back a purchase money mortgage. The mortgage contingency and Gambardella's bid did not violate the conditions of the bidding. Since there was no closing date in the invitation to bid, it must be presumed that the closing would be required within a reasonable time. Texas Co. v. Crown Petroleum Corporation, 137 Conn. 217, 227; Martin v. Martin's News Service, Inc., 9 Conn. App. 304, 308. A meeting was held with interested parties by the committee on November 20, 1989. The committee then set a closing date of December 20, 1989, and made time of the essence, and in accepting the offer indicated that if Gambardella was unable to close by December 20, 1989 that the property would be sold to the appellants at their bid price. The closing in fact took place prior to that date. Since neither Gambardella or the estate objected to these terms to implement the closing of title, and the provisions were not contrary to the notice for bids, the Probate Court within its discretion could properly approve the sale on those terms. Moreover, the guidelines for the bids dated October 20, 1989 stated that "the deciding factor is strictly the offered price." The appellants had the same opportunity to submit a bid as Gambardella. The Probate Court did not abuse it discretion in authorizing a probate sale of the property for the amount of the highest sealed bid, and could reasonably conclude that the sale was in the best interests of the estate. See Crane v. Manchester, 143 Conn. 716, 719. There is no sound reason for this court to second guess the decision of the Probate Court, which produced more money for the estate than if the committee accepted any of the offers of the appellants. There is nothing in the limited record presented on this appeal which shows that the bidding procedure was unfair to the appellants.
The final claim is that the sale to Gambardella is contrary to the intent of the decedent as stated in the CT Page 1911 decedent's will. The short answer to this claim is that the will itself does not preclude sale of the property to anyone or grant special consideration in the event of a sale to the appellants or anyone else. No evidence was produced as to the decedent's intent, if it was other than what is contained in the will itself. The law in this state is clear that parol evidence is never admissible, however clearly it may indicate the testator's intention, for the purpose of showing an intention not expressed in the will itself, and _ the construction of a will must be derived from the words of it and not from extrinsic evidence. Connecticut Junior Republic v. Sharon Hospital, 188 Conn. 1, 9.
None of the reasons of appeal are grounds for setting aside the determination of the Probate Court that the sale of the subject property was in the best interests of the estate.
The appeal is dismissed.
Robert A. Fuller, Judge