FACTS
The following facts are based on the contents of the record. On March 5, 1992, the Probate Judge for the District of Middletown issued a decree allowing the appeal of the plaintiff, Patricia Baranowsky Esposito, from the Probate Court's decrees of January 13, 1992 and February 15, 1992, accepting a final accounting and supplemental accounting and awarding executrix's fees in regard to the Estate of Peter Baranowsky. The plaintiff filed the decree allowing the appeal in the Superior Court on March 6, 1992.
The Probate Court's order of notice provides:
 Ordered that notice of the appeal be given to Linda Pierce and Robert Baranowsky, co-executors of the Estate of Peter Baranowsky, by some proper officer serving each of them in the manner prescribed for the service of civil process a true and attested copy of the motion for appeal and of this order at least twelve days before the return date of the appeal, and that due return of such service be made to the Superior Court and to this court.
Neither the motion for appeal nor the decree allowing the appeal have been returned to the Superior Court. Linda Pierce now moves to dismiss the present action on the ground that the plaintiff has not caused the motion for appeal or the decree allowing the appeal to be served on her as required by the order of notice.
DISCUSSION
Although "[a]n appeal from a Probate Court to the Superior Court is not an ordinary civil action;" Bishop v. Bordonaro,20 Conn. App. 58, 64, 563 A.2d 1049 (1989), quoting Kerin v. Stangle,209 Conn. 260, 263, 550 A.2d 1069 (1988) (citations and internal quotation marks omitted); "[f]or purposes of mesne process, a probate appeal is considered a civil action." Bergin v. Bergin, 3 Conn. App. 566, 568, 490 A.2d 543, cert. denied, 196 Conn. 806, CT Page 5336494 A.2d 903 (1985). Accordingly, "the court may not proceed with the action until the return of process is made to court." Arpaia v. Corrone, 18 Conn. App. 539, 541,559 A.2d 719 (1989).
CONCLUSION
The court defers ruling on the defendant's motion to dismiss because the action has not been returned to court.