[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These cases are two consolidated appeals from three decrees of the Probate Court for the District of Newington concerning the estate of the late Theodore D. Lenczyk. The plaintiff, Theodore CT Page 9-G N. Lenczyk, is the father and an heir at law of the deceased, who died intestate on June 10, 1987.
The first of these consolidated appeals was filed on March 2, 1996, subsequent to a Probate Court order of March 21, 1996 allowing it. In this first case, Docket No. CV 96-0472840, Lenczyk appeals from a February 23, 1996 probate decree denying his petition for removal of the administrator de bonis non, Attorney Michael Georgetti, who was appointed on January 31, 1990.
The specific grounds alleged by the plaintiff as grounds for removal in his Reasons for Removal dated March 21, 1996 are that Georgetti: (1) produced shoddy and insufficient accounting and continually refused to allow the heirs to question it; (2) neglected to comply with a probate court order for a bond in violation of General Statutes § 45a-143, (formerly § 45-36); (3) paid his own personal claims against the decedent's estate in violation of General Statutes § 45a-403, (formerly § 45-212); and (4) violated § 45a-242, (formerly § 45-263), by not acquiring and placing in trust certain inventory of the decedent, namely a motor vehicle, causing the estate an unnecessary storage fee which presently has exceeded $15,000.00.
In addition to the allegations in his Reasons for Removal, Lenczyk's original petition for removal dated October 31, 1995, CT Page 9-H also alleges that Georgetti: (a) neglected to recover a $17,000.00 bond "breached" by the prior administratrix, which caused the amounts due creditors to triple, and (b) negligently hired Attorney John Andreini to prosecute a wrongful death medical malpractice action on behalf of the estate because more "adept and talented representation" was necessary.
Lenczyk's second appeal was filed on May 24, 1996, subsequent to a Probate Court order of May 20, 1996 allowing it. In this case, Docket No. CV 96-0473937, he appeals from two decrees issued by the Probate Court on May 1, 1996. The first of these decrees was an order denying Lenczyk's petition for the recusal of Probate Judge Steven Zelman. The second decree approved the reconstructed account of the prior administratrix, Patricia Perfetto, granted a motion for payment of costs and expenses incurred by Attorney John Andreini in representing the estate in a medical malpractice action, approved the final accounting of the administrator d.b.n., which allowed for the payment of fiduciary and attorney's fees to Georgetti and remaining claims as appear on the substitute return of claims, and ordered a distribution of the balance of the estate.
The specific facts alleged by Lenczyk as grounds for appealing the two May 1, 1996 probate decrees, as set forth in the his "Reasons for Motion to Appeal From Probate" dated May 20, 1996, are (1) the order for the distribution of assets is CT Page 9-I "confiscatory and unconscionable"; (2) the distribution order ignores Lenczyk's claim for a tombstone for the grave of the decedent, thereby violating General Statutes § 45a-392, (formerly § 45-204c); (3) Judge Zelman, acting judge for Newington Probate Court, should have recused himself from further proceedings in this matter because of his prejudice and lack of objectivity; and (4) Lenczyk was not allowed sufficient access to financial records of the estate and denied his request for a full "IRS style" audit.
There has been no record provided of the proceedings in the probate court that led to the issuance of the three separate decrees from which Lenczyk appeals. In the absence of such a record, including a transcript of testimony, the Superior Court, on appeal, must determine issues de novo. Andrews v. Gorby,237 Conn. 12, 675 A.2d 449 (1996); General Statutes § 45a-186. Accordingly, this court's decision must be based on an independent assessment of the facts established at trial, which commenced on November 8, 1996, continued on November 25 and concluded on December 18, 1996. "When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate." Kerin v.Strangle, 209 Conn. 260, 264, 550 A.2d 1069 (1988); Satti v.Rago, 186 Conn. 360, 365, 441 A.2d 615 (1982). "In probate appeals, a Superior Court `may admit any evidence that was received by the Probate Court or could have been received by CT Page 9-J it . . . [but] may not receive evidence that the Probate Court could not have received because it came into existence subsequent to the Probate Court hearing.' (Citations omitted.) Bishop v.Bordonaro, 20 Conn. App. 58, 64, 563 A.2d 1049 (1989)." Hall vSchoenwetter, 239 Conn. 553, 556, ___ A.2d ___ (1996).
An appeal from probate does not vacate the decree appealed from, nor does it remove the entire cause from the probate court into the superior court. On the contrary, it leaves the entire matter as it was in the probate court, there to be continued with and completed according to law, presenting in the meanwhile to the superior court for redetermination, after a retrial of the facts, the limited issues embraced within the particular decree appealed from. 1 W. Locke P. Kohn, Connecticut Probate Practice Sec. 214; Bishop v. Bordonaro, supra. 20 Conn. App. 62.
The court, after a hearing de novo, finds the following facts based upon the credible and relevant evidence introduced at trial:
Attorney Michael A. Georgetti was appointed administrator d.b.n. of the estate on January 31, 1990. There had been two prior administrators: Lenczyk, followed by Perfetto, Lenczyk's ex-wife and mother of the decedent. Both of the prior administrators had been removed after the Probate Court concluded CT Page 9-K they had failed to perform the duties of their trust.
Before Georgetti was appointed administrator, Lenczyk, as the initial administrator, had retained Attorney John Andreini to represent the estate in connection with injuries sustained by the decedent immediately prior to his death. Before Georgetti took over as administrator, Andreini had negotiated several settlements involving claims he had filed against various parties on behalf of the estate. The compromise of several claims had already been approved by the Probate Court and Andreini had received his contingency fees. The approval of one of these compromised claims was the subject, inter alia, of a prior appeal by Lenczyk. Subsequent to being appointed administrator, Georgetti was substituted as a party plaintiff in the medical malpractice action, which was still pending, having previously been filed by Andreini on behalf of the estate. On January 20, 1991, Georgetti signed a new retainer agreement for Andreini's professional services. Exhibit E. The agreement between Georgetti and Andreini contemplated reimbursement to Andreini for reasonable costs and expenses of litigation. The medical malpractice action was subsequently tried to a jury, resulting in a defendants' verdict, and the Probate Court did not approve an appeal of the judgment.
When first appointed, Georgetti was ordered to procure a $1,000.00 bond and he did so. He was then ordered to file an CT Page 9-L additional bond of $85,000.00, but Lenczyk filed an appeal subsequent to that order and the Superior Court, (O'Neill, J.), after a trial de novo, issued orders that required no such bond. After this appeal was resolved, Georgetti proposed to the Probate Court that a restricted bank account be opened to allay the persistent accusations of the heirs that funds were being mishandled. A restricted bank account was approved in lieu of any additional bond. The cost of a restricted bank account, which can only be accessed pursuant to an order of the Probate Court, saved the estate the expense of a bond premium in excess of $500.00 per year.
Perfetto, who succeeded Lenczyk as administratrix and preceded Georgetti, never filed an account of her doings, but she did assist in obtaining banking records for transactions which took place during the time she served as administratrix. She furnished records for the court and assisted the probate court clerks in reconstructing her activities so the clerks could prepare an account on her behalf. Exhibit 4. According to the reconstructed account of Perfetto, she advanced herself the sum of $20,635.34 and advanced Lenczyk assets valued at $3,000.00. She was given an opportunity to review the account but would not sign it. She turned over no funds to her successor, Georgetti.
Georgetti prepared a final accounting on April 28, 1995 which CT Page 9-M was submitted in evidence and he also testified in explanation of his accounting. Exhibit 1. The total amount of funds in the estate, excluding interest which accrued since April of 1996, is $107,627.62. He requests payment of fiduciary fees of $12,250.00 and $3,405 in attorney's fees. Subject to court approval, he further proposes to pay expenses and costs sought in a motion filed by Andreini.
Georgetti also proposes to pay creditors amounts totaling $12,080.10, as set forth on a substitute return of claims and list of notified creditors. Exhibit B. There was no evidence presented at trial that the creditor's claims were unfounded or excessive. In fact, Georgetti compromised a number of them, thereby saving the estate money.
Georgetti has performed a number of duties as administrator and has attended a substantial number of probate hearings. He also has represented the estate as its attorney throughout the pendency of three appeals filed by Lenczyk. He prepared and filed three interim accountings and a final accounting. He oversaw the collection of some settlement monies on behalf of the estate, which netted significant sums for an estate that was otherwise devoid of assets. He negotiated compromises with a number of estate creditors seeking reimbursement for medical bills and funeral expenses, and was able to reduce those claims from over $65,000 to $12,080.10. He had to attend court during the trial of CT Page 9-N the medical malpractice case because the decedent's parents refused to attend the trial, and it was feared the jury might be influenced unfavorably if only counsel, and no party in interest, appeared. He also had to assist the Probate Court in reconstructing an accounting for his predecessor administratrix, Perfetto, because she had failed to file one.
The extraordinary amount of work performed by Georgetti as both fiduciary and attorney on this rather uncomplicated estate is verified on time sheets covering the period from March 31, 1992 to May 12, 1995, the date of the probate hearing on the final account that is the subject of this appeal.[1] Exhibit A.
He seeks fiduciary fees for 122.5 hours at $100.00, as itemized in Schedule B-1, attached to his final accounting. Previously, the payment of attorney's and fiduciary fees to Georgetti totaling $10,500.00 and the expense of hiring an economic expert for the medical malpractice case, $1,000, advanced by the administrator, were approved by the Probate Court. Their approval was the subject of a prior appeal by the plaintiff, which was dismissed. These amounts have been paid. In addition to fiduciary fees, Georgetti is seeking compensation of $3,405.00 in attorney's fees, which represents 20.5 hours at $150.00 per hour, as shown on Schedule B-2, annexed to the final accounting. His request pertains to time spent on defending the CT Page 9-O three prior appeals filed by Lenczyk and in pursuing Georgetti's own appeal of a disclosure order of July, 1994.
In July of 1994, the Probate Court ordered Georgetti, at Lenczyk's request, to allow Lenczyk access to Georgetti's financial records as administrator. Georgetti sought to appeal this order, spending approximately 2.2 hours. However, he eventually provided complete, unrestricted access to his records and allowed copies to be made for counsel for the plaintiff, Attorney Richard Lemere, who appeared in Georgetti's offices in March of 1996 with a signed authorization from Lenczyk. Although provided this access through his attorney, Lenczyk inexplicably never went over the information obtained from Georgetti's disclosure. He failed to file any motions or requests for disclosure during the pendency of these appeals, but did subpoena the financial records for trial. Although Lenczyk claims there was not full compliance with the subpoena, no specific deficiency was ever brought to the attention of the court during trial. During the course of Georgetti's testimony, he produced copies of whatever checks or documentation the plaintiff requested. Lenczyk also subpoenaed Andreini's records, but chose not to call Andreini as a witness and the court was never asked to determine whether or not Andreini should comply with the subpoena.
Andreini's Motion for Payment of Expenses was filed with the Probate Court on or about March 31, 1994. The expenses for which CT Page 9-P he seeks reimbursement in this motion were incurred as attorney for the estate in connection with the medical malpractice action. The expenses total $19,644.72 and include fees for expert testimony, deposition costs and other reasonable and typical charges necessary for the prosecution of a medical malpractice case. There are no fees included in the amounts requested by Andreini in this motion, as fees would only have been due him had the plaintiff prevailed at trial. As a result of the defendant's verdict after the malpractice trial, the prevailing defendants submitted a bill of costs, and the payment of that is also requested in Andreini's motion.
After payment of the requested fiduciary and attorney's fees, Andreini's expenses, and the creditors' claims, Georgetti requests a $2,500 probate reserve fund be created to cover any further costs of closing out the estate. Then, he proposes that the balance on hand, including accrued interest, should be distributed by first paying Lenczyk the first $17,635.34, ($20,635.34 less $3,000.00), in order to offset the imbalance of the advances previously received by the two heirs, and then dividing the remaining assets equally between them.
In deciding these appeals, the court will address separately each of the three decrees from which Lenczyk has appealed.
A. The Petition for the Removal of the Administrator d.b.n.,CT Page 9-QAttorney Michael Georgetti
Section 45a-242 of the General Statutes provides for the removal of an administrator or other person acting in a fiduciary capacity if that person becomes incapable of executing his trust, or fails to furnish a required additional bond, or neglects to perform the duties thereof, or wastes the estate in his charge. The court may initiate removal on its own motion or in response to the complaint of any interested person and there must be a hearing with notice. The court's discretionary power to remove a fiduciary is chiefly addressed to the question of whether removal is desirable from the standpoint of the safety of the estate, rather than to the question of whether there has or has not been a breach of duty justifying removal. Carroll v. Arnold,107 Conn. 535, 541-542. 141 A. 657 (1928).
Lenczyk s petition for the removal of Georgetti as administrator is not the first of such petitions filed; several prior petitions, not the subject of this appeal, were denied. appeals, and has reviewed all of evidence presented as to Georgetti's performance since his appointment in 1990.
Each of Lenczyk's specified reasons for Georgetti's removal will be separately addressed.
(1) This is not a financially complex estate. Lenczyk has CT Page 9-R failed to establish that any accounting by Georgetti has been shoddy, inadequate or negligent. All interim accountings placed in evidence, and the final accounting are balanced and in order, and there has been no evidence to contradict the validity or reasonableness of the expenditures or receipts set forth. There is no truth to the assertion that Georgetti has consistently refused to allow his accounts to be examined or questioned. Georgetti complied with the probate court's disclosure order, providing full access to the financial records to Lenczyk's former attorney, and he honored Lenczyk's subpoena. Lenczyk has had ample, unfettered opportunity to review the accounts; he has failed to take advantage of the opportunity.
(2) The allegation that Georgetti neglected to comply with a probate court order for a bond is not true, since the $85,000.00 bond requirement was vacated as a result of an appeal to the Superior Court and the probate court subsequently ordered the establishment of a restricted account in lieu of a bond, thereby saving the estate the cost of annual premiums.
(3) No evidence was presented to the court concerning whether or not Georgetti breached his fiduciary duty with respect to a motor vehicle, somehow necessitating storage fees. The only mention of an automobile was that Perfetto allowed Lenczyk to retain one owned by the decedent, along with other assets of the estate, such that the plaintiff received an advance distribution CT Page 9-S in the amount of $3,000.00.
(4) The plaintiff also offered no evidence to show that Georgetti neglected to recover a $17,000.00 bond breached by the prior administratrix or that this alleged breach caused the amount due creditors to triple. As noted earlier, Georgetti compromised the creditors claims, reducing them significantly.
(5) Lenczyk asserts vague and unsubstantiated claims of fraud, embezzlement and even bribery on the part of Georgetti and Andreini, who, he alleges, are co-conspirators, intent upon extracting exorbitant profits from this estate, but he produces no documented irregularities or other proof in support of his allegations. He also seems, incorrectly, to believe that Andreini and Georgetti should be made to account for how they expended attorney's and fiduciary fees they have already been paid. He has no right to this information.
Lenczyk, in this appeal from the denial of his petition for removal of Georgetti, has failed to show any breach of duty or other cause that would justify Georgetti's removal. There is no basis to conclude that his removal is necessary for the protection of the estate, in fact, Georgetti has met an almost indomitable task with commendable and courageous effort.
B. The Petition for the Recusal of Probate Court Judge Steven Zelman
CT Page 9-T
On May 1, 1995, Judge Steven Zelman, acting judge of the Probate Court for the District of Newington, denied, without articulation, plaintiff's petition for recusal dated March 23, 1996. Canon 3 of the Code of Probate Judicial Conduct, Section E(1) requires a judge to disqualify himself under specific circumstances, including when a judge has a personal bias or prejudice concerning a party. There is no record of the hearing on this petition, so in determining whether or not there are grounds for Judge Zelman's recusal, this court is restricted to the facts established at trial on the appeal. However, the recusal issue has been abandoned by Lenczyk. He did not mention this issue in his closing statement, nor did he offer evidence or testimony in support of his allegations that Judge Zelman is biased or lacks impartiality. Prejudice on the part of a judge cannot be assumed merely because a judge has ruled against a party on more than one occasion. The plaintiff has not met his burden of proving grounds for recusal by a fair preponderance of the evidence.
C. The Appeal from Judge Zelman's decree of May 1, 1996 regardingAndreini's Motion for Payment of Expenses, the Approval ofPerfetto's Reconstructed Account. and the Approval of the FinalAccounting and Orders for Payment and Distribution of the Balanceof the Estate.
CT Page 9-U
The issue of the appropriateness of Andreini's previously paid contingency fees is not part of the May 1, 1996 decree of Judge Zelman, which only approves the payment of legitimate expenses and costs incurred by Andreini on behalf of the estate in litigating the medical malpractice claim. With respect to the approval of Andreini's motion for payment for expenses, there is no evidence that while the expenses promoting the lawsuit were incurred, Georgetti or either of the two prior administrators were not acting in good faith. Lenczyk still believes there was good cause to file the malpractice case. Unfortunately, a j jury did not agree, but no evidence was presented to show that the verdict was attributable to the negligence or wrongdoing of Georgetti or Andreini. The court finds nothing invalid, insufficient, vague, illegal or unethical about the retainer agreement between Georgetti and Andreini, which is in writing, as required by General Statutes § 52-251c, and encompasses representation in connection with injuries sustained by the decedent from the date of the car accident to the date of his death. At the time Georgetti signed this agreement, the only action still pending was the medical malpractice action, which alleged negligence on the part of those providing treatment subsequent to a car accident involving the decedent. It was appropriate for Georgetti to sign this agreement as the newly appointed administrator and substituted party plaintiff in the CT Page 9-V malpractice action. Andreini has not sought attorney's fees with respect to the failed medical malpractice action. He is seeking payment of expenses incurred as a result of that action and payment of the prevailing defendants costs, for which the estate would be liable. These expenses and costs are reasonable and necessary and should be paid.
Expenses of administration incurred during the settlement of an estate should be allowed as a matter of course if properly incurred. Hewitt v. Beatie, 106 Conn. 602, 38 A. 795 (1927). The test of allowableness of items of administration expense is whether they are equitably chargeable to the estate because properly and reasonably incurred for the benefit of the estate.Brown v. Eggleston, 53 Conn. 110 (1885). Litigation expenses, including fees for expert testimony incurred in the course of litigation are valid. The bulk of the assets of the estate were acquired as a result of wrongful death claims, and the fiduciary could not have been expected to proceed with litigation without incurring some expenses. Costs and expenses of suit for wrongful death are an expense of administration without expressly providing for their allowableness in the account. General Statutes § 45a-448. Expenses properly and reasonable incurred by third parties for the benefit of the estate subsequent to the grant of administration may be equitably charged to the estate, if justly due. A fiduciary may even properly pay a claim in CT Page 9-W advance of court approval without waiting legal action to establish its validity. If the Probate Court is satisfied that it would have been recoverable in an action against the fiduciary, it may allow the payment in the administrative account. Hewitt
v. Beattie, supra, 106 Conn. 613-615.
Rose Marie Sarubi Lyons, assistant clerk of the Newington Probate Court, testified that she prepared a reconstructed account on behalf of Perfetto, the administratrix who preceded Georgetti. Exhibit 4. Perfetto provided canceled checks and bank statements and met with Lyons and another clerk to assist in the preparation. Georgetti also assisted Perfetto and the clerks in this process. In his "Reasons for Motion to Appeal From Probate," Lenczyk did not specifically raise an objection to this portion of the May 1, 1996 decree, and he presented no evidence contradicting the receipts, expenditures or distributions reflected in the reconstructed account. The reconstructed account of receipts and disbursements prepared on behalf of Perfetto are found to be true and accurate.
"Where an executor or administrator presents an account, the burden is on him to prove the facts involved in it, and if he fails of proof as to any issue, it must be found against him; if he fails to justify the allowance of claimed credits they must be disallowed." Reilly v. Healey, 124 Conn. 210, 198 A. 570 (1938). CT Page 9-X Georgetti has presented a balanced and reasonable final account, which should be approved.
The purpose of an account is to inform the court and all interested as to the condition of the estate. To that end, it properly consists of a statement of the assets and other items with which the fiduciary is chargeable, the expenditures and other credits, and a showing of the balance of the estate undisposed of and remaining for distribution. In re Mark'sEstate, 116 Conn. 58, 63, 163 A. 600 (1932). The form utilized by Georgetti for the final account in this case is the one commonly used and is well adapted to accomplish the purposes of an account and present the information required.
Lenczyk asserts that the proposed distribution and payments recommended in Georgetti's final accounting are confiscatory and unconscionable.
The proposal for the payment of fiduciary fees is reasonable and these fees were incurred as a necessary part of the administration of the estate. An administrator is entitled to a reasonable compensation for his services, depending upon the circumstances of the case. "Reasonable" means what is fair in view of the size of the estate, the responsibilities involved, the character of the work required, the special problems and CT Page 9-Y difficulties met in doing the work, the results achieved, the knowledge, skill and judgment required of and used by the administrator, the manner and promptitude in which the estate has been settled, and the time and service required, and any other circumstances which may appear in the case and are relevant and material to this determination. Hayward v. Plant, 98 Conn. 374,384-385, 119 A. 341 (1923). This has been an extraordinarily difficult case to administer, primarily owing to the lack of cooperation and confrontational tactics of the heirs. The principal assets of the estate were only acquired pursuant to wrongful death claims, not easily liquidated assets. The time expended by Georgetti in picking up the pieces after the failed efforts of the two heirs as prior administrators, marshaling the assets, pursuing the causes of action and reviewing the claims was entirely justified, and the requested hourly rate of $100.00 is Georgetti's usual fiduciary fee. In light of all the circumstances, the requested fiduciary fees are reasonable and the time expended was to the benefit, not the detriment, of the estate. It should be noted that Georgetti testified that he has not sought payment for all of the hours he has expended in the administration of this estate.
Like fiduciary fees, there are no set guidelines for the award of attorney's fees in probate matters. In determining the question of whether attorney's fees are reasonable and proper, CT Page 9-Z the court's determination should be based upon consideration of the variety of factors set forth in Hayward v. Plant, supra,98 Conn. 374, as well as principles of case law and the Code of Professional Responsibility. An attorney who serves in the dual capacities of fiduciary and attorney for the estate and who performs both functions well is entitled to full compensation for both of them. Wolfgang v. Cowell, 2 Conn. L. Rptr. 730 (1990).
The attorney's fees in this case are in connection with defending three prior appeals to the Superior Court involving the approval of prior accounts, the probate court's denial of fees to one of the heirs, and a previous denial of a petition for removal of the administrator by the plaintiff. At least one of these cases was also appealed to the Appellate Court. Georgetti's request for attorney's fees for defending three appeals filed by the plaintiff is reasonable and proper and should be approved, with the exception of the 2.2 hours he spent appealing from the Probate Court's disclosure order of July, 1994. The request for this 2.2 hours is not approved, which would deduct $330.00 from the $3,405 claimed. The balance of $3,075.00 should be paid.
The time spent in defending the appeals, 18.3 hours, is certainly not excessive. The attorney's fees sought are documented and reasonable and Georgetti's work benefited the estate. The hourly rate of $150.00, based on Georgetti's years as CT Page 9-AA a lawyer and his experience in handling probate cases, is acceptable. Lenczyk has presented no evidence countering the reasonableness or necessity of this attorney time. Moreover, the amount of attorney's fees and fiduciary fees is higher than it perhaps might have been had Lenczyk not repeatedly challenged court rulings.
The creditors' claims were compromised and significantly reduced from the original amounts and no evidence was introduced that calls their validity into question. Their payment should be allowed. Lenczyk complains that the final account ignores his "claim" for a tombstone for the decedent in violation of General Statutes § 45a-392. Funeral expenses may include a tombstone, but a tombstone is not necessarily chargeable to the estate except upon the advice and approval of the Probate Court.Fairman's Appeal, 30 Conn. 205, 208 (1861). Unfortunately, Lenczyk, despite being advised to do so, has never submitted an estimate or a copy of a bill for a tombstone in order to allow the court to properly approve the claim. The court should not have to guess at an appropriate sum, as items of expenditure approved in a final accounting must be distinct. Lenczyk failed to submit any adequate basis for consideration of this item.
Lenczyk claims he has not been allowed sufficient access to financial records of the estate and that he has been denied a request for a full audit. In 1994, the Probate Court ordered CT Page 9-BB Georgetti to provide full disclosure of the accounts to Lenczyk. In March, 1996, Georgetti allowed Attorney Richard Lemere, counsel for Lenczyk, to view and copy all his records pertaining to this estate. Georgetti also honored a subpoena served on him during the trial and no specific deficiency in his compliance was brought to the attention of the court. Lenczyk has not presented one shred of evidence of monies being mishandled. His assertions that there has been fraud, bribery or embezzlement are completely unsubstantiated. Although General Statutes § 45a-77 permits the ordering of an audit, there is nothing in this case, which is not a monetarily complex estate, to justify the delay and additional expense ordering an audit would require.
Georgetti's proposed distribution order, in light of the advance distributions secured by the two heirs, is fair and appropriate, compensates Lenczyk for Perfetto's mishandling of estate monies, and deducts a $3,000.00 advance previously accepted by Lenczyk. A fiduciary is entitled to credit in his account for advance distributions actually made if they were made to the persons entitled to the distributions and have been accepted by them. A court must also insure that the effect of advanced distributions does not adversely affect the financial interest of other heirs. The distribution recommended by Georgetti addresses these concerns. Bridge v. Estate of Bridge,16 Conn. Sup. 380, 381 (1949); Reilly v. Healey, supra, CT Page 9-CC122 Conn. 79.
If there appear to be further undischarged future obligations against the estate, such as possible litigation expenses arising out of litigation still in progress affecting the estate, the court should, in its order of distribution, order a reserve set aside and retained undistributed sufficient to support these charges. Appeal of Middletown Trust Co., 110 Conn. 658,149 A. 223 (1930). Georgetti has recommended a reserve of $2,500.00, which the court finds is reasonable in light of the possibility of future litigation. The administrator will also have to finish certain administrative details, such as preparing and filing a closing statement and paying probate fees.
Based upon the foregoing findings, judgment may enter in Docket No. CV 96-0472840 denying the petition for the removal of Georgetti as administrator d.b.n. The February 23, 1996 Probate Court decree relative to this petition is hereby affirmed. In Docket No. CV 96-0473937, the May 1, 1996 orders of the Probate Court are hereby affirmed. Judgment may enter denying the petition for the recusal of Judge Zelman and it is further ordered:
(1) The motion for payment of expenses and costs incurred by Attorney John Andreini in the course of handling the medical CT Page 9-DD malpractice action on behalf of the estate is approved, including the payment of the defendants' bill of costs;
(2) The reconstructed account of the preceding administratrix. Patricia M. Perfetto is approved;
(3) The final account of the administrator d.b.n., Attorney Michael A. Georgetti, is approved subject to modification by a reduction of $330.00 for attorney's fees relative to the appeal of the disclosure order of July 14, 1994, to be shown on the affidavit of closing.
(4) After payment of the costs and expenses set forth in Andreini's motion, the fiduciary and attorney's fees and all remaining claims on the Substitute Return of Claims, the administrator d.b.n. shall establish a probate reserve of $2,500.00 to cover any additional costs of closing the estate. The remaining assets of the estate in the possession of the administrator d.b.n. shall be distributed so that Theodore N. Lenczyk first receives the sum of $17, 635.34, and then the remaining assets shall be distributed equally between Theodore N. Lenczyk and Patricia M. Perfetto.
CHRISTINE E. KELLER JUDGE, SUPERIOR COURT CT Page 9-EE