[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:PLAINTIFF'S MOTION TO DISMISSDEFENDANT'S COUNTERCLAIM (#129)
This is an appeal on a probate decision rendered on January 3, 1997. Subsequent to the filing of the appeal, the defendant filed an answer which he then sought to amend by adding special defenses and a counterclaim. The plaintiff objected to the amendment. The court overruled the objection and allowed the amendment.
By motion dated February 19, 1998, the plaintiff moves to dismiss the counterclaim arguing this court's lack of subject matter jurisdiction over the counterclaim. The counterclaim sounds in three counts, all counts praying money damages for relief.
While the motion filed by the plaintiff is a motion to dismiss the counterclaim (albeit claiming jurisdictional grounds), the more appropriate motion is a motion to strike the counterclaim. Since this court will not put form over substance, it will treat the plaintiff's motion to dismiss as if it were a motion to strike and reach the merits of the motion.
"An appeal from a Probate Court to the Superior Court is not an ordinary civil action. Rather, it has been clothed with very definite characteristics which mark it as a thing peculiar unto itself.' When the Superior Court entertains an appeal from a Probate Court, it takes the place of and sits as a court of probate. In ruling on a probate appeal, the Superior Court is not exercising the powers of a constitutional court of general jurisdiction but is exercising the powers of a Probate Court. Although the Superior Court tries the issue before it de novo, it does so exercising the special and limited jurisdiction conferred on it by the probate appeal statute." (Citations omitted.) Bishopv. Bordonaro, 20 Conn. App. 58, 64 (1989).
This court is unaware of any statutory authority permitting a probate court to award monetary damages. Since this court acts in place of the probate court, it acts with the same powers. Accordingly, the superior court acting as a probate court only has the same powers and is subject to the same limitations as the probate court. Slattery v. Woods, 90 Conn. 48, 51 (1915). It has previously been held that a court of probate is unable to award monetary damages. Palmer v. Hartford National Bank Trust Co.,160 Conn. 415, 430 (1917). Consequently, this court, acting in its capacity as the probate court, has no authority to act on a counterclaim requesting monetary damages. CT Page 2453
For the foregoing reasons, plaintiff's Motion to Dismiss is granted.
HANDY, J.