[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiff files this appeal from an order of the Fairfield Court of Probate, contending that the court erroneously found that another bid was in the best interests of the estate. The winning bidders file this motion to dismiss alleging that the plaintiff cannot contest the order because she is not aggrieved by it. For the reasons discussed below, the motion to dismiss is granted.
On November 21, 2001, the plaintiff filed a motion for appeal from probate, alleging the following facts. The conservator of Daniel and Lucy Pontillo is John H. Harrington, Esq. In his role as conservator, Harrington filed an application with the Court of Probate for the District of Fairfield for Authority to Sell Real Property. The Court granted the application, and three written bids were submitted. Maria Cammarota, plaintiff in this case, submitted a bid of $241,125, which was subject to a mortgage. Syed Z. Hussain and Veronica Goberhan submitted a bid of $240,000, with no contingencies. Mark Giglio submitted a bid of $238,000, which was contingent on the removal of the oil tank present on the property as well as a soil test.
On October 30, 2001, the Probate Court found that it was in the best interests of both wards to grant the Application before the court and sell the real property to Hussain and Goberdhan. The court ordered and decreed that the conservator was empowered to sell the property to Hussain and Goberdehan, for the sum of $240,000, payable in cash at the time of transfer upon the terms set forth in the Binder of Sale dated October 15, 2001.[1] In the event that this transfer did not take place, the real property was to be sold to Mark Giglio under the terms of the bid he presented to the court at the time of the hearing.
On February 7, 2002, the defendants, Hussain and Goberdhan, filed this motion to dismiss, arguing that the plaintiff's appeal from probate should be dismissed for lack of subject matter jurisdiction. The defendants contend that the plaintiff fails to show that she is aggrieved by the order of the probate court, and therefore, lacks standing under the operative statute. The plaintiff contends that because her bid was not accepted, she is aggrieved under the statute, and therefore has standing. CT Page 2854
Connecticut General Statute § 45a-186 controls appeals from probate: "(a) any person aggrieved by any order, denial or decree of a court of probate . . . may appeal therefrom to the superior court . . ." "The question of [aggrievement] does not involve an inquiry into the merits of the case." Kucej v. Kucej, 34 Conn. App. 579, 581, 642 A.2d 81
(1994). "The concept of aggrievement depends only on the existence of a cause of action upon which a party may rest his plea for relief. The issue of whether a party was aggrieved under [the operative statute] by the actions of the Probate Court is to be distinguished from the question of whether, on a review of the merits, it will prevail." Baskin's AppealFrom Probate, 194 Conn. 635, 638, 484 A.2d 934 (1984).
"The fundamental test for establishing classical aggrievement is well settled: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision. . . . Second, the party claiming aggrievement also must demonstrate that its asserted interest has been specially and injuriously affected in a way that is cognizable by law." (Citations omitted; internal quotation marks omitted.) Crone v. Gill, 250 Conn. 476, 480,736 A.2d 131 (1999).
"[T]wo parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest." Erisoty's Appeal FromProbate, 216 Conn. 514, 520, 582 A.2d 760 (1990). "To prosecute an appeal from a Probate Court decree, the plaintiff must be aggrieved by that decree. . . . The existence of aggrievement depends upon whether there is a possibility . . . that some legally protected interest which [an appellant] has in the estate has been adversely affected. . . . The trial court determines the existence of aggrievement as a matter of fact." (Citations omitted; internal quotation marks omitted.) Bradley's Appealfrom Probate, 19 Conn. App. 456, 468, 563 A.2d 1358 (1989). "To qualify as an aggrieved person, the plaintiff must have a pecuniary interest in the subject matter of the decree or order, and that pecuniary interest must be adversely affected by the decree or order from which the appeal is taken. . . . If the plaintiff is not an aggrieved party, the appeal is void. . . . The plaintiff's appeal should clearly state the basis for his claim of aggrievement . . . and a mere conclusory claim that the plaintiff is aggrieved is insufficient." Lenge v. Goldfarb, 169 Conn. 218,221, 363 A.2d 110 (1975).
The plaintiff's bases her appeal on the contention that she is aggrieved by the order of the probate court because her bid was not accepted even though it was the highest and best bid to purchase the subject property. However, "[t]he general rule is that a disappointed bidder lacks standing to commence a legal action. " Bishop v. Bordonaro,
CT Page 285520 Conn. App. 58, 60, 563 A.2d 1049 (1989). "The mere assertion that [the plaintiff's] bid and lost does not sustain the conclusion that it has a legal interest which has been injured." Hartford Kosher Caterers, Inc.v. Gazda, 165 Conn. 478, 483, 338 A.2d 497 (1973). Therefore, the plaintiff cannot rest her case on the mere assertion that she is aggrieved because her bid was not accepted.
Although the plaintiff has no interest in the property as a mere bidder, as a participant in the hearing, she does have an interest in the fairness of the court proceedings. "While one who bids upon the property of an estate offered for sale has no interest in the property itself, he does have an interest in the proceedings employed by the court to approve the sale." Erisoty's Appeal From Probate, 216 Conn. 514, 521, 582 A.2d 760
(1990). See also Bishop v. Bordonaro, 20 Conn. App. 58, 61, 563 A.2d 1049
(1989). The plaintiff makes no contention that she is aggrieved because the court proceedings were unfair. Therefore, she has failed to properly plead this type of aggrievement as well. See Exchange Buffet Corp. v.Rogers, 139 Conn. 374, 377-78, 94 A.2d 139 (1952) ("Since the appeal failed to allege affirmatively facts that were essential under the statute to confer jurisdiction upon the Superior Court, it was defective upon its face.")
The plaintiff has failed to show aggrievement either as a disappointed bidder or because the procedures used by the probate court were unfair. Because she fails to show aggrievement, the plaintiff has no standing under the statute, and the motion to dismiss is hereby granted.
GALLAGHER, J.